HARGADINE, Plaintiff in Error, v. PULTE, Defendant in Error.

1. A. died in 1844, devising his property as follows : " I hereby grant, give and bequeath unto my beloved wife, B., all and singular my property and estate, real, personal and mixed, in law and equity, including as well all I possess at present as such as I may acquire hereafter, to have and to hold the same unto her, my said wife, as her own and exclusive property, and to the exclusion of all and every person or persons, be the same relatives or not, forever." The said A. left him surviving his said wife and four children. *Held,* that there was an intestacy as to the children of A., they not being named or provided for within the meaning of the 30th section of the act concerning wills. (R. C. 1835, p. 620.)

*Error to St. Louis Land Court.*

This was an action of ejectment to recover possession of a certain lot in the city of St. Louis. Plaintiff claims title through the widow of one Philip A. Pulte, who died seized of the said premises in the year 1844. The said Pulte made a will devising his property as follows : " I hereby grant, give and bequeath unto my beloved wife, Philipine Bernadine, all and singular my property and estate, real, personal and mixed, including as well all I possess at present as such as

I may acquire hereafter; to have and to hold the same unto her, my said wife, as her own and exclusive property, and to the exclusion of all and every person or persons, be the same relatives or not, forever." The defendant is a son of said P. A. Pulte, and holds possession of said premises for himself and the other children of said Pulte.

*N. Holmes*, for plaintiff in error.

I. The case of Hockensmith v. Slusher, 26 Mo. 237, settles the principles of this case. The intention to cut off the children is clearly indicated in the will.

*C. Gibson*, for defendant in error.

I. It can not be determined from the will itself whether or not the testator ever had a child. (See Bradley v. Bradley, 24 Mo. 316.)

NAPTON, Judge, delivered the opinion of the court.

This case falls within the principles and reasoning of the case of Bradley v. Bradley, 24 Mo. 316. Where a testator declares his wife to be his *sole heir*, the implication of an exclusion of his children is just as strong as where the estate is given to the wife " as her own and exclusive property, and to the exclusion of all and every person or persons, be the same relatives or not." In truth, the multiplication of words in this last case rather weakens the force of the first clause, as the phrase "relatives" might be very naturally understood as not embracing one's *children*.

The other judges concurring, the judgment is affirmed.