[S. F. No. 8304. Department One.—October 6, 1917.]

In the Matter of the Estate of DAVID LINDSAY, Deceased. JOSEPHINE FOLSOM et al., Appellants, v. C. A. MONROE, as Administrator, etc., Respondent.

ESTATES OF DECEASED PERSONS—WILL—DISINHERISON OF ILLEGITIMATE CHILDREN.—Where a will, after giving all the testator's property to his wife, recites that the disposition was purposely made because he knew that she would provide for their son, and then provides that should any other person or persons present themselves and claim to be "heirs," he gave to them the sum of five dollars, the illegitimate children of the testator, acknowledged in writing to be such, are not entitled to the right to inherit as omitted children under section 1307 of the Civil Code, since the testator being presumed to know the law, when speaking of persons claiming to be "heirs" must have had in mind only persons claiming to be children or their issue.

ID,—OMITTED CHILD—RIGHT OF SUCCESSION—CONDITIONS.—Under section 1307 of the Civil Code, two conditions must concur to entitle a child to succeed as in case of intestacy. There must be an omission to provide for the child in the will, and the will must fail to show that the omission was intentional.

APPEAL from a decree of the Superior Court of Alameda County distributing an estate of a deceased person. Wm. S. Wells, Judge.

The facts are stated in the opinion of the court.

Joseph P. Lucey, James G. Conlan, Louis B. Diavila, and Walter H. Linforth, for Appellants.

W. B. Rinehart, and H. S. Craig, for Respondent.

SLOSS, J.—David Lindsay died, leaving a will which contained the following provisions:

"First:—I give, devise and bequeath all my property, of every kind and nature, and wheresoever situated, to my wife, Permelia Lindsay. . . .

"Fourth:—I purposely bequeath all my property to my wife, Permelia Lindsay, knowing that she is a kind and loving mother and will provide for our son Clyde Lindsay.

"Fifth:—Should any other person or persons present themselves claiming to be heirs of mine, I give and bequeath to such person or persons the sum of Five Dollars ($5.00)."

The will was admitted to probate, and letters of administration with the will annexed were issued to C. A. Monroe. In due time the administrator filed his final account, with a petition for distribution. The appellants herein, Josephine Folsom and Louise Kamps, appeared, alleging that they were illegitimate children of the testator, and that he had, in his lifetime, made a written acknowledgment sufficient, by the terms of section 1387 of the Civil Code, to give them the rights of inheritance which they would have had if born in lawful wedlock. Their contention was that the testator had omitted in his will to provide for them, and that it did not appear that such omission was intentional. Accordingly they claimed, under section 1307 of the Civil Code, to have succeeded to the same share of Lindsay's estate as if he had died intestate.

It was stipulated in the court below, for the purposes of the hearing, that said claimants were the illegitimate children of David Lindsay, and that he had made the written acknowledgment as asserted. The court concluded, however, that, by paragraph fifth of the will, the testator had made provision for them, and that they were not entitled to any part of the estate, except the sum of five dollars each. A decree was made, distributing this sum to each of them, and the rest of the estate to the widow. The claimants appeal from this decree.

We think the court below took the right view. The case is, in its essence, not distinguishable from *Estate of Hassell*, 168 Cal. 287, [142 Pac. 838]. There the testator had made a will which contained a provision for one of his children only. The will contained this clause: "Those of my heirs not herein mentioned has been omitted by me with full knowledge thereof." Three children, not named as beneficiaries in the will, sought to share in the testator's estate as pretermitted heirs. It was held that they were excluded by the clause above quoted. While recognizing that the right of children to share "in the inheritance of their immediate ancestors" will not be taken away unless the intent that they shall not so share clearly appears upon the face of the will (*In re Stevens*, 83 Cal. 322, 330, [17 Am. St. Rep. 252, 23 Pac.

379]; *Rhoton* v. *Blevin,* 99 Cal. 645, [34 Pac. 513]; *In re Salmon,* 107 Cal. 614, [48 Am. St. Rep. 164, 40 Pac. 1030]), the court decided that the intent to exclude the complaining children did so appear. It was pointed out that the word "heirs" necessarily included children, and that the declaration that "heirs" not mentioned had been intentionally omitted conclusively showed that any children not named had been excluded by design.

Under section 1307 of the Civil Code, two conditions must concur to entitle a child to succeed as in case of intestacy. There must be an omission to provide for the child in the will, and the will must fail to show that the omission was intentional. In the Hassell case there was no provision, but it appeared that the omission was intentional. Here there is a provision for any person claiming to be an heir. If the use of the general word "heirs" in Hassell's will was sufficient to show the intentional character of the failure to provide for the children not named, it must be equally operative to cover children in a clause bequeathing a legacy to any persons claiming to be heirs. The will showed that, at the time of its execution, the testator had a wife and one child. In the event that such wife and child should survive him, his heirs could not include anyone else, except other children, or the issue of deceased children. (Civ. Code, sec. 1386.) It must be presumed that the testator knew the law, and when, therefore, he spoke of persons claiming to be heirs, he could have had in mind only such persons as might claim to be children or their issue. The will, read in the light of the law of succession, shows on its face that the testator had in mind the persons, or the very class of persons, here asserting a right to succeed to a portion of his estate. He did make provision for all such persons, and the appellants, accordingly, do not bring themselves within the terms of section 1307, which is operative only where the testator "omits to provide in his will for any of his children. . . . "

In *Boman* v. *Boman,* 49 Fed. 329, [1 C. C. A. 274], the United States circuit court of appeals, in considering a somewhat similar question under a Washington statute, took the view that the word "heirs" was not to be given the effect attributed to it in the Hassell case. But that decision cannot, of course, have controlling force as against the later ruling

by our own court in a case arising under the statute of this state.

The decree is affirmed.

Shaw, J., and Lawlor, J., concurred.

Hearing in Bank denied.