[L. A. No. 6032.  Department One.—April 18, 1919.]

In the Matter of the Estate of W. L. MINEAR, etc., Deceased.

[1] ESTATES OF DECEASED PERSONS—WILL—INTENTIONAL OMISSION TO PROVIDE FOR CHILDREN.—Where a testator, after declaring that he is a single man and has never been married, provides that if there should be any other or others than the ones he had named in his will claiming to be his "lawful heirs" and can and do prove that they are such, he gives to each of them the sum of five dollars, he thereby shows an intention to exclude from any substantial share in his estate anyone not named in his will, whether a child or otherwise.

APPEAL from a decree of the Superior Court of San Diego County.  W. A. Sloane, Judge.  Affirmed.

The facts are stated in the opinion of the court.

Ernest F. Baker, William Weinstein and Jacob Weinberger for Appellants.

Eugene Daney, S. W. Switzer, Johnson W. Puterbaugh, and M. H. Fleming for Respondent.

OLNEY, J.—The decedent in this case died, leaving a will disposing of all of his estate to parties other than the appellants.  The latter claim to be children of the testator and that they are entitled as such to inherit in spite of the will under section 1307 of the Civil Code, which provides that "When any testator omits to provide in his will for any of his children, or for the issue of any deceased child, unless it appears that such omission was intentional, such child, or the issue of such child, has the same share in the estate of the testator as if he had died intestate, and succeeds thereto as provided in the preceding section."

The sole question in this case is, therefore, whether or not it appears from this will that the omission of any provision for the appellants was intentional.  The material portions of the will upon this point are two: First, "I am a single man, I have never been married," and, second, "Now if there should be any other or others than the ones that I have named in my will above that claim to be my lawful heirs and can

and do prove that they are to each of them I will $5.00 five dollars if there should be any such.'' The point is made that this case is to be distinguished from the *Estate of Lindsay*, 176 Cal. 238, [168 Pac. 113], where a clause almost exactly the same as the second clause in the present will was involved on the ground that it appeared from the will itself in the Lindsay case that there were children and that, therefore, the testator by the general clause providing for a gift of five dollars to anyone who should establish heirship must be taken to have had his children in mind, but that in this case there is no reference in the will to children and that, therefore, the general expression ''my lawful heirs'' must be taken not to have reference to children, and it must be presumed that the testator had forgotten his children and unintentionally omitted to provide for them.

[1] It seems to us very clear that this contention is not sound; that it is in fact refuted by the language of the will, ''I am a single man. I never have been married.'' Taking the two provisions together, we think it is perfectly clear that what the testator in effect said was this: ''I never have been married, therefore I have no children. But if any persons other than those named in my will prove they are my heirs (either as children or otherwise) I give each of them $5.00.'' The true construction of the will we believe to be that the testator intended to exclude from any substantial share in his estate anyone not named in his will, whether a child or otherwise.

The decree appealed from is affirmed.

Shaw, J., and Lawlor, J., concurred.