[L. A. No. 8339. In Bank.—September 11, 1925.]

In the Matter of the Estate of A. G. TRICKETT, Deceased.

[1] WILLS—PRETERMITTED HEIRS—STATUTORY CONSTRUCTION—INTENT OF TESTATOR.—Under section 1307 of the Civil Code, a child and the issue of a deceased child are placed in the same category, so that if no provision is made for them in the will of a decedent they are entitled to share in his estate the same as though no will had been made, unless it appears that such omission is intentional; and the intention of the testator to omit such children must be determined from the terms of the will itself, and parol evidence may not be resorted to for the purpose of showing the intention of the testator.

[2] ID.—EXPRESSED INTENT—SUFFICIENCY OF WILL.—In order to meet such proviso clause of section 1307 of the Civil Code, it must appear upon the face of the will not only that the omission was inten-

tional but the words of the will must show that the testator had the persons omitted in his mind and, having them so in mind, omitted them from the provisions of the will.

[3] ID.—EXCLUSION OF DECEASED CHILDREN AND RELATIVES—CONSTRUCTION OF WILL.—Where a testator devises and bequeaths to his widow a life estate in certain real property and in certain outstanding obligations due the testator, with the remainder over to his four living children, and those provisions are supplemented by a general residuary clause which reads as .follows: "and all other property I may have & hold at that time [the time of his death] is to be divided amongst the four children mentioned if living at that time & if any of them should dye then to be divided between the rest living & not their heirs or any other relatives or friends of mine," it sufficiently appears that the intention of the testator was to permit only his wife and those of his children living at his death to share in his estate, and to exclude therefrom all other persons, including the issue of any predeceased child.

[4] ID.—RELATIVES—WHO INCLUDED.—Unless a contrary intention appears, the word "relatives" or "relations," when used in a devise or bequest, should be construed as meaning those next of kin who, in cases of intestacy, would take under the statute of descent and distribution.

(1) 18 C. J., p. 841, n. 32.    (2) 18 C. J., p. 841, n. 24.    (3) 18 C. J., p. 842, n. 35.    (4) 40 Cyc., p. 1458, n. 4.

APPEAL from a decree of the Superior Court of Los Angeles County directing distribution. John Perry Wood, Judge. Affirmed.

The facts are stated in the opinion of the court.

Benjamin P. .Oakford and Harry G. Kyle for Appellant.

A. B. Taylor and Arthur G. Wray for Respondent.

LENNON, J.—A. G. Trickett, died testate March 11, 1925, a resident of Whittier, California, and his holographic will was admitted to probate in the superior court of the county of Los Angeles. This is an appeal from a decree of distribution. The decedent was survived by his widow, Annie G. Trickett; his four children, Mary P. Sidwell, Charles W.

4. Effect of word "relative" when used in will, note, 11 A. L. R. 332. See, also, 28 R. C. L. 256.

Trickett, Francis A. Nutt, and Maggie R. Shahan; his three grandchildren, Jessie Neva O'Dell, DeRoy Eugene Colt, and Demi Morgan Colt, the issue of two predeceased daughters of the decedent. The will purported to devise and to bequeath a life estate to testator's widow in certain real property and in certain outstanding obligations due to the testator, with remainder over to his four children. These bequests were supplemented by a general residuary clause which reads as follows: "and all other property I may have & hold at that time [the time of his death] is to be divided amongst the four children mentioned if living at that time & if any of them should dye then to be divided between the rest living & not their heirs or any other relatives or friends of mine."

The will does not in terms mention or provide for the three grandchildren above mentioned. They are the appellants, and the point is made in their behalf that they, being among the heirs at law of the testator and he having failed to provide for them in his will or to indicate that such omission was intentional, are entitled under the provisions of section 1307 of the Civil Code to share in his estate as if he had died intestate. [1] That code section provides: "When any testator omits to provide in his will for any of his children, or for the issue of any deceased child, unless it appears that such omission was intentional, such child, or the issue of such child, has the same share in the estate of the testator as if he had died intestate, and succeeds thereto as provided in the preceding section." The quoted code section places a child and the issue of a deceased child in the same category, so that if no provision be made for them in the will of a decedent they are entitled to share in his estate the same as though no will had been made, unless it appears that such omission was intentional. The intention of the testator to omit such children must be determined from the terms of the will itself, and parol evidence may not be resorted to for the purpose of showing the intention of the testator (*Estate of Stevens,* 83 Cal. 322 [17 Am. St. Rep. 252, 23 Pac. 379]; *Estate of Utz,* 43 Cal. 200; *Bush* v. *Lindsey,* 44 Cal. 121; *Estate of Wardell,* 57 Cal. 484; *Rhoton* v. *Blevin,* 99 Cal. 645 [34 Pac. 513]; *In re Salmon,* 107 Cal. 614 [48 Am. St. Rep. 164, 40 Pac. 1030]). We are limited, therefore, to the terms of the will under

consideration for the determination of the question of whether or not decedent intentionally omitted appellants, his heirs at law, from his will. [2] It must appear upon the face of the will not only that the omission was intentional, but "the words of the will must show that the testator has the persons omitted in his mind, and having them so in his mind, has omitted them from the provisions of the will." (*Estate of Lindsay,* 176 Cal. 238 [168 Pac. 113]; *Estate of Minear,* 180 Cal. 239 [180 Pac. 535]; *Estate of Callaghan,* 119 Cal. 571 [39 L. R. A. 689, 51 Pac. 860]; *Estate of Hassell,* 168 Cal. 287 [142 Pac. 838]; *Payne* v. *Payne,* 18 Cal. 291.) In *Rhoton* v. *Blevin, supra,* the testator was survived by his widow, four children, and three grandchildren, the issue of two deceased daughters. The material portions of the will, among other things, provided: "First knowing that my beloved wife, Ona Blevin, will ever continue the same kind, devoted mother to our children which she has so thoroughly proven herself on all occasions, I make no provision for said children further than herein mentioned, . . . " Although the testator did not refer to or in any way designate his grandchildren by name in the will, the court held that it appeared from the face of the will that the grandchildren were not unintentionally overlooked or omitted from the will, and that by the use of the word "children" the testator meant also the issue of his deceased daughters as well as his living children. In *Estate of Hassell, supra,* three children were not named or provided for in the will, but there was this provision: "Those of my heirs not herein mentioned has been omitted by me with full knowledge thereof." It was held that the intent of the testator as thus expressed was clearly sufficient to indicate that the omission was not unintentional. In this behalf the court said: "At law, while the word (heirs) may include others, it always includes the children of a decedent." In *Estate of Lindsay, supra,* a will, after giving all the testator's property to his wife, recited that the disposition was purposely made because he knew that she would provide for "their son" and then further declared: "Should any other person or persons present themselves claiming to be heirs of mine, I give and bequeath to such person or persons the sum of Five Dollars ($5.00)." The court held in that case that inasmuch as the testator was writing of per-

sons claiming to be "heirs" he must have had in mind his
illegitimate children of whom he had made a public acknowl-
edgment, and the court said: "The will, read in the light
of the law of succession, shows on its face that the testator
had in mind the persons, or the very class of persons, here
asserting a right to succeed to a portion of his estate.   He
did make provision for all such persons, and the appellants,
accordingly, do not bring themselves within the terms of sec-
tion 1307, which is operative only where the testator 'omits
to provide in his will for any of his children. . . . ' "   In
*Estate of Minear, supra,* the will stated in part: (1) "I
am a single man, I have never been married." (2) "Now,
if there should be any other or others than the ones that I
have named in my will above that claim to be my lawful
heirs and can and do prove that they are to each of them
I will $5.00 five dollars if there should be any such." The
court said: "Taking the two provisions together, we think it
is perfectly clear that what the testator in effect said was
this: 'I never have been married, therefore I have no chil-
dren.   But if any persons other than those named in my
will prove they are my heirs (either as children or other-
wise) I give each of them $5.00.   The true construction of
the will we believe to be that the testator intended to ex-
clude from any substantial share in his estate anyone not
named in his will, whether a child or otherwise."

[3]   The rule of construction announced in those cases
covers and controls the situation presented in the case at bar.
From an examination in its entirety of the will in question,
it appears to us that the intention of the testator was to
permit only his wife and those of his children living at his
death to share in his estate.   The intent is sufficiently indi-
cated, we think, by the words of the will itself.   The declara-
tion in the will was to the effect that the residue of the
estate should go only to his living children, and that if any
one of them should predecease him, then the share given
to such child was to go to the others living at the time of
his death and "not their heirs or any other relatives or
friends of mine."   It is palpable, it seems to us, that the
testator intended only his living children to share in his
estate and to exclude therefrom all other persons.   Not only
did the testator make the fact of his children being alive
at the time of his death an express condition precedent to

his bequest to his living children, but he added, also, the proviso directing to whom such estate should go in the event of the death of any of his children. He expressly excluded the issue of those living children named in the will who might predecease him, and placed the issue of said living children, in the event of the death of their parent, in the same situation, with relation to the deceased, as now stand the appellants. The clause excluding from participation in the testator's estate "any other relatives," considered and construed in the light of the meaning ordinarily and in law attributed to the words employed therein, is especially significant, for, coupled with the preceding clauses of the will, it indicates the testator's intention to exclude from his bounty all persons embraced within its terms. The testator presumably knew the law and therefore must be deemed to have used the word "relatives" in its legal sense. The word "relative" is ordinarily defined to mean "one that is connected by blood, affinity, relation" (Webster's Dictionary). [4] And, in law, "the word 'relatives' or 'relations,' when used in a devise or bequest, should be construed, unless a contrary intention appears, as meaning those next of kin who, in cases of intestacy, would take under the statutes of distribution, . . . " (40 Cyc. 1458; *Thompson* v. *Thornton,* 197 Mass. 273 [83 N. E. 880]. See, also, *Estate of Sowash,* 62 Cal. App. 512 [217 Pac. 123].) Marked and measured by the meaning of the word "relatives" as employed in testamentary dispositions, the conclusion is inescapable that the testator in the instant case must have had in mind his blood relations, among whom, necessarily, were his grandchildren, the appellants herein, and consequently must have intended to exclude them from participation in his estate. The testator was emphatic in his declaration that no "other relatives" should take under his will, and, as was said in *Estate of Lindsay, supra,* "read in the light of the law of succession (sec. 1386, Civ. Code), the will shows on its face that the testator had in mind the very persons, or the very class of persons, here asserting a right to succeed to a portion of his estate."

The general scheme of the will and the intent of the testator as manifested by the language of the will compel the conclusion that the testator failed to provide for appellants not because he was oblivious of their existence but,

rather, because he did not desire them to share in his estate.

Appellants, in support of their contention, cite and rely on the case of *Hargadine* v. *Pulte*, 27 Mo. 423. The will under consideration in that case was not in all respects similar to the will in the instant case. There the testator gave his entire estate to his wife and attempted to exclude "all and every person or persons." There was not apparent on the face of the will the sedulous discrimination between the living children and the grandchildren and the clear intent that testator wished only his living children to share in his bounty as appears in the will here under consideration. The ruling of the court in the case last cited is not reasoned *in extenso* and is practically rested upon the case of *Bradley* v. *Bradley*, 24 Mo. 311. In the latter case the principal provision of the will was as follows: "that my wife, Ann Bradley, be my sole heir to all my estate. . . . " No mention or reference was made to the children of the deceased nor was there anything on the face of the will indicating an intent on the part of the testator to exclude purposely his children. The Bradley case obviously is not pertinent to the point presented here. *Hargadine* v. *Pulte, supra,* was not cited, as counsel for appellants contend, by this court with approval in the *Estate of Stevens, supra.* The case of *Bradley* v. *Bradley,. supra,* was there cited merely as affirmatory of the proposition that parole evidence is inadmissible to show the intent of the testator to exclude his children. *In re Parrott's Estate,* 45 Nev. 318 [203 Pac. 258], also relied upon by appellants, presents a will in which the testator declared that he had "no children," which in fact was not true. There was no recital in the will there, as in the will in the case at bar, evincing an intent to exclude all "other relatives." In none of the cases decided by this court and relied upon by appellants was there any declaration in the will of the testator, as in the instant case, that no other "heirs or any other relatives . . . " should share in the testator's bounty. In *Estate of Stevens, supra,* the testator failed to mention or provide for his daughter, but left a legacy to her child, the testator's grandson, and it was held that the fact that he mentioned his daughter's child did not necessarily imply that the daughter was in his mind and she was accordingly

permitted to take as a pretermitted heir. In *Bush* v. *Lindsey, supra,* the will made no mention of or reference to the children of the testator. A grandson, to whom all the estate was given, was the only person named in the will. In *Estate of Ross,* 140 Cal. 282 [73 Pac. 976], the testator mistakenly assumed that his son was alive, when in fact he had died leaving issue. No reference being made to the lawful heir, the issue of the deceased son, the grandson, was permitted to take as a pretermitted heir. In *Estate of Utz, supra,* the will made no provision for the testator's grandchildren nor was there any general or particular reference made to them as a class. In *Estate of Van Wyck,* 185 Cal. 49 [196 Pac. 50], provision was made for the testator's son and daughter, but no mention of a grandchild, the issue of a predeceased daughter, was made. In *Estate of Matthews,* 176 Cal. 576 [169 Pac. 233], provision was made in the will for a deceased daughter, and no reference having been made to the issue of said daughter, it was held that the latter was unintentionally excluded from the will. In *Re Salmon, supra,* the testator gave a small legacy to the respective widows of each of his deceased sons, but made no reference to the issue of said sons, and they were permitted to take as pretermitted heirs because the mere mentioning of the widows was held to be insufficient to manifest an intent to exclude the grandchildren. In *Estate of Wardell, supra,* testatrix made no provision for an illegitimate daughter. The court said: "Her name was not mentioned in it, and it does not appear by anything in the will itself that the omission was intentional."

In short, the testamentary documents under consideration in the California cases cited by appellants and just considered and discussed failed to indicate in terms, or by necessary implication, that the testator intentionally made no provision for his heirs at law. The construction of the will and the distribution of the estate as decreed by the trial court in the instant case are in harmony with the requirements of the law and with the manifest intent of the testator.

The decree is affirmed.

Seawell, J., Waste, J., Lawlor, J., and Richards, J., concurred.