## MIDDLETON v. LUCKENBACH S. S. CO., Inc.

### No. 12676.

District Court, E. D. New York.

Oct. 14, 1933.

Hunt, Hill & Betts, of New York City (John W. Crandall, of New York City, of counsel), for libelant.

Kirlin, Campbell, Hickox, Keating & McGrann, of New York City (J. Harvey Turnure, of New York City, of counsel), for respondent.

CAMPBELL, District Judge.

This case comes before the court on a motion to confirm the report of the special commissioner to whom it had been referred "to ascertain and compute the amounts due to the libellant herein and report thereon with all convenient speed."

The special commissioner properly reports the facts as follows:

"The suit was brought by G. Plantou Middleton, as administrator of the estates of Gerald Wilson, Constance Lockhart, and Ethel Lockhart, deceased, to recover damages for those entitled thereto arising from the death by drowning of said decedents, caused by a collision on June 19, 1931, between the British schooner Arawak, aboard which the decedents were, and the American steamer Robert Luckenbach. The collision occurred about 40 miles south of Castle Island, British West Indies, on the high seas, beyond a marine league from the shore of any land over which the United States has jurisdiction. The decedents were subjects of Great Britain, domiciled in Ragged Island, Bahamas, a British colony. The master and surviving members of the Arawak were picked up by the Robert Luckenbach and brought to Philadelphia, Pa., where they were cared for by the British Consul General in Philadelphia, who instructed the law firm of Rawle & Henderson of Philadelphia to protect the interests of the families of the deceased persons to the fullest possible extent. On June 30, 1931, upon the petition of G. Plantou Middleton, attorney for said British Consul General, the petitioner was appointed administrator of the estates of said deceased persons by order of William F. Campbell, register for the probate of wills and granting letters of administration in and for the county of Philadelphia, in the commonwealth of Pennsylvania; and on August 17, 1931, he was appointed ancillary administrator by the Surrogate's Court of New York County, N. Y., with authority limited to the prosecution of this suit.

"At the outset it was the intention of the Philadelphia proctors for the administrator to bring this suit in the United States District Court for the Eastern District of Pennsylvania, but at the request of the general admiralty counsel for the Luckenbach Steamship Company, Inc., in New York, suit was brought in this court as a matter of convenience for the respondent."

Libelant seeks to recover under the Act of Congress of March 30, 1920 (41 Stat. 537, 46 USCA c. 21 § 761 et seq.), entitled "Death on the High Seas by Wrongful Act."[*]

The first two sections of the act (46 USCA §§ 761 and 762, provide as follows:

"§ 761. Right of action; where and by whom brought. Whenever the death of a person shall be caused by wrongful act, neglect, or default occurring on the high seas beyond a marine league from the shore of any State, or the District of Columbia, or the Territories or dependencies of the United States, the personal representative of the decedent may maintain a suit for damages in the district courts of the United States, in admiralty, for the exclusive benefit of the decedent's wife, husband, parent, child, or dependent relative against the vessel, person, or corporation which would have been liable if death had not ensued.

"§ 762. Amount and apportionment of recovery. The recovery in such suit shall be a fair and just compensation for the pecuniary loss sustained by the persons for whose benefit the suit is brought and shall be apportioned among them by the court in proportion to the loss they may severally have suffered by reason of the death of the person by whose representative the suit is brought."

The special commissioner filed an able and exhaustive report herein, and I am in accord with the result at which he arrived with reference to those for whose benefit he found that the suit might be maintained, and it seems to me to be unnecessary to do more than point out wherein I am not in entire accord with the reasoning of that report.

The special commissioner describes the beneficiaries as follows:

"The alleged beneficiaries of the decedent Gerald Wilson are his mother, Frances Wil-

son, of whom he was an illegitimate son; his widow, Ida Lillian Wilson, to whom he was lawfully married; and five children, Walter, Gerald, Frances, Hortense and Geraldine, the eldest, Walter, being the issue of himself and his wife born before their marriage, and the youngest, Geraldine, being a posthumous child.

"The alleged sole beneficiary of the decedent Constance Lockhart is her mother, Charlotte E. Moxey, of whom she was an illegitimate daughter.

"The alleged beneficiaries of the decedent Ethel Lockhart are her widower, Anton Lockhart, and an illegitimate son named Harrison Wilson."

The special commissioner based the right of the illegitimate children and the mother of illegitimate children to recover on the construction which he placed upon the words "parent" and "child" as used in the act, and while this construction may be correct, which I do not find, it seems to me that the right of such alleged beneficiaries to recover should be based upon the words "dependent relative" as used in said act, and not upon the words "parent" and "child" as used therein.

In the act under which recovery is sought herein, the right to recover is not confined to decedent's wife, husband, parent, and child, but in addition to the much larger and more inclusive class "dependent relative," which in my opinion includes the illegitimate children and the mothers of illegitimate children.

The term "dependent relative" is not defined by the act, but the term "relative" has been defined by the state courts as next of kin. Wash v. Dickson, 147 Ga. 540, 94 S. E. 1009, 1011; Rauch v. Metz (Mo. Sup.) 212 S. W. 353, 355; Matter of Sobel's Estate, 117 Misc. 508, 191 N. Y. S. 676, 677; In re Trickett's Estate, 197 Cal. 20, 239 P. 406, 409; Wooten's Trustee v. Hardy, 221 Ky. 338, 298 S. W. 963, 967.

Defining "relative" as next of kin, Seaboard Air Line Railway v. Kenney, 240 U. S. 489, 36 S. Ct. 458, 60 L. Ed. 762, cited by the special commissioner, is directly in point.

It is within the power of the states to determine who are the next of kin or relatives.

It therefore seems clear to me that by the statutes of both the states of Pennsylvania and of New York, the mother of an illegitimate child and an illegitimate child inherit from each other, and therefore are "relatives," and in this suit "dependent relatives."

This is likewise true with reference to a child born out of wedlock whose parents thereafter marry, who by the laws of both of the states of Pennsylvania and New York is legitimated and becomes a child of the father as well as the mother; but even if he or she did not become a child of the father, he or she would become a "relative" and in this suit a "dependent relative."

The libelants seek recovery under the law of the forum as is their right, and if the respondent believed that the law of some foreign country was controlling, it should have pleaded and proved such law, and in default of such plea and proof, recovery under the law of the forum can be had. The Scotland, 105 U. S. 24, 26 L. Ed. 1001.

I have considered all of the exceptions to the report of the special commissioner, but it seems to me that the evidence supports his findings of fact, and that he has not misapplied the law; therefore in view of his exhaustive report, a further review of the evidence is unnecessary and the exceptions should be overruled.

The exceptions to the report of the special commissioner are overruled, the report confirmed, and a decree may be entered in favor of the libelant, as reported by the special commissioner, with costs.