[Civ. No. 10642. First Appellate District, Division One.—January 20, 1938.]

In the Matter of the Estate of JOHN ALLMARAS, Deceased. ROBERT ALLMARAS, Appellant, v. JOHN F. ALLMARAS et al., Respondents.

H. M. Anthony, Harold A. Harwood, Norman P. Wilkie and Anthony, Harwood and Rogers for Appellant.

458

Smith, Southwell & Smith, Hebard P. Smith and Varnum Paul for Respondents.

KNIGHT, J.— The questions here involved are whether the decedent omitted to provide in his will for his two sons, and if so, whether it appears from the will that such omission was intentional. On proceedings for partial distribution the probate court found affirmatively on the first question, and negatively on the second, and accordingly distributed the entire estate, appraised at approximately $3,500, to said sons. (Prob. Code, sec. 90.) From the decree so entered the decedent's brother, claiming to be sole devisee and legatee under the will, has appealed.

Said section 90 of the Probate Code superseded section 1307 of the Civil Code. It was enacted in 1931, and reads as follows: "When a testator omits to provide in his will for any of his children, or for the issue of any deceased child, whether born before or after the making of the will or before or after the death of the testator, and such child or issue are unprovided for by any settlement, and have not had an equal proportion of the testator's property bestowed on them by way of advancement, unless it appears from the will that such omission was intentional, such child or such issue succeeds to the same share in the estate of the testator as if he had died intestate."

The portions of the will necessary to be considered are the third, fourth and fifth clauses thereof. In the third clause the testator declared that he was "a single man", that he had "no living issue", and that his "nearest living relatives" were eight brothers and sisters, all of whom he named. Three of them, according to recitals in the will, resided in North Dakota, two in Philadelphia, two in New York, and the whereabouts of the remaining one, a sister, were unknown. By the fourth clause the testator bequeathed his entire estate to his brother Robert (the appellant herein), or in case of Robert's death, to the surviving brothers and sisters (except the sister whose whereabouts were unknown), or to the survivors of them; and the fifth clause was an exclusionary clause, reading as follows: "I have purposely made no provision herein for any other person, whether claiming to be an heir of mine or not, and if any person, whether a beneficiary under this will or not mentioned herein, shall

contest this will or object to any of the provisions hereof, I give to such person so contesting or objecting, the sum of one dollar ($1.00) and no more, in lieu of the provision which I have made or which I might have made herein for such person so contesting or objecting.''

° We are of the opinion that, as appellant contends, there is no substantial difference between the present case and the *Estate of Minear,* 180 Cal. 239 [180 Pac. 535], and the *Estate of Lindsay,* 176 Cal. 238 [168 Pac. 113], which arose under section 1307 of the Civil Code, and wherein it was held in effect that the testator in each case intentionally omitted to provide for his children except as set forth in the exclusionary clause, and that consequently, since they took under the exclusionary clause, the provisions of section 1307 were not available to them.

In the *Estate of Minear, supra,* the testator declared in his will that he was a ''single man'', and that he had ''never been married''; but by the exclusionary clause he provided that ''if there should be any other or others than the ones that I have named in my will above that claim to be my lawful heirs and can and do prove that they are to each of them I will $5.00 five dollars if there should be any such''. Admittedly, there, as here, the testator was survived by children, who contended, as respondents contend, here, that since no reference was made in the will to children, the general expression ''my lawful heirs'', as employed in the exclusionary clause, must be taken not to have reference to children, but it must be presumed that the testator had forgotten his children and unintentionally omitted to provide for them. The Supreme Court held the contention to be unsound, saying: ''Taking the two provisions together, we think it is perfectly clear that what the testator in effect said was this: 'I never have been married, therefore I have no children. But if any persons other than those named in my will prove they are my heirs (either as children or otherwise) I give each of them $5.00.' The true construction of the will we believe to be that the testator intended to exclude from any substantial share in his estate anyone not named in his will, whether a child or otherwise.''

In the *Estate of Lindsay, supra,* the testator first bequeathed the entire estate to his wife, stating he did so purposely knowing she ''will provide for our son Clyde Lindsay''; and by the fifth clause in his will he declared: ''Should any other

person or persons present themselves claiming to be heirs of mine, I give and bequeath to such person or persons the sum of Five Dollars ($5.00).'' The fact was that the testator was survived also by two illegitimate children, who by reason of a written acknowledgment executed by the testator during his lifetime pursuant to the terms of section 1387 of the Civil Code, were given full right of inheritance; and claiming that the testator had unintentionally omitted to provide for them in the will, they sought, under the authority of said section 1307 of the Civil Code, to obtain the share of his estate to which they would have been entitled if he had died intestate. As in the Minear estate, the court held that the testator intentionally omitted to provide for them, except as stated in the fifth clause of his will; and that consequently the provisions of said section 1307 of the Civil Code were not available to them. In so holding the court said: ''The will showed that, at the time of its execution, the testator had a wife and one child. In the event that such wife and child should survive him, his heirs could not include anyone else, except other children, or the issue of deceased children. (Civ. Code, sec. 1386.) It must be presumed that the testator knew the law, and when, therefore, he spoke of persons claiming to be heirs, he could have had in mind only such persons as might claim to be his children or their issue. The will, read in the light of the law of succession, shows on its face that the testator had in mind the persons, or the very class of persons, here asserting a right to succeed to a portion of his estate. He did make provision for all such persons, and the appellants, accordingly, do not bring themselves within the terms of section 1307, which is operative only where the testator 'omits to provide in his will for any of his children . . .'.'' Furthermore, it was held to be immaterial whether in such exclusionary clause a testator uses the word ''heirs'' or the words ''persons claiming to be heirs'', the court in this regard saying that if as held in the *Estate of Hassell,* 168 Cal. 287 [142 Pac. 838], ''the use of the general word 'heirs' . . . was sufficient to show the intentional character of the failure to provide for the children not named, it must be equally operative to cover children in a clause bequeathing a legacy to any persons claiming to be heirs''.

Here, as shown, the testator first declared he was a single man and left no living issue, and then in the exclusionary clause of his will he declared he had purposely made no

provision for "any other person, whether *claiming to be an heir of mine* or not", and that "if *any person*, whether a beneficiary under this will *or not* . . . shall contest this will or *object to any of its provisions*", such person should receive one dollar and no more, in lieu of any provision which he, the testator, "might have made . . . for such person so contesting or objecting". (All italics ours.) Therefore, applying the reasoning of the two cases cited, it must be held here, as it was there, that the omission to provide for respondents, except as declared in said exclusionary clause, was intentional, and that such being the case the provisions of said section 90 of the Probate Code are not available to respondents.

Respondents have made no attempt whatever to differentiate the present case from the *Estate of Lindsay, supra;* nor do they comment on the decision rendered in the *Estate of Minear, supra,* more than to say that in that case there "was no forgetfulness shown upon the face of the will nor in the circumstances surrounding the execution of it"; and in this latter respect they call attention to and seek to have considered certain alleged extrinsic evidence which nowhere appears in the record on appeal. ▮ The law is well settled, however, that the question of whether the testator intentionally omitted to provide for his children must be determined from the terms of the will itself, and that extrinsic evidence may not be resorted to for the purpose of showing such intention (*Estate of Trickett,* 197 Cal. 20 [239 Pac. 406] ; *Estate of Stevens,* 83 Cal. 322 [23 Pac. 379, 17 Am. St. Rep. 252] ; *Estate of Utz,* 43 Cal. 200; *Rhoton* v. *Blevin,* 99 Cal. 645 [34 Pac. 513] ; *In re Salmon,* 107 Cal. 614 [40 Pac. 1030, 48 Am. St. Rep. 164]) ; and as already pointed out, the dispositive terms of the will in the present case are to all intents and purposes identical in form with those embodied in the will in the *Estate of Minear, supra.*

The numerous California cases cited by respondents in support of the probate court's ruling deal mainly with the rules prescribed for the guidance of courts in construing the terms of wills in proceedings of this kind; and as to such rules there is no dispute. Nor are any of the three cases cited by respondents from other jurisdictions controlling. It was expressly held in the *Estate of Lindsay, supra,* that the decision in the case of *Boman* v. *Boman,* 49 Fed. 329, cannot be taken as authority in this state; the Nevada case, *In re Parrott's Es-*

*tate*, 45 Nev. 318 [203 Pac. 258], even though based on a similar statute, is not in point for the reason that there the will did not embody, as here, any general exclusionary clause; and the Maryland case (*Black* v. *Herring*, 79 Md. 146 [28 Atl. 1062]) merely holds that a proceeding instituted to construe the terms of a will is not deemed to be a "contest" to the will.

Therefore, in accordance with the views above expressed and under the authority of the *Estate of Minear, supra*, and the *Estate of Lindsay, supra*, it is ordered that the decree appealed from be and the same is hereby reversed, and that a new decree be entered distributing to each of respondents the sum of one dollar, as provided in the fifth clause of the will, and that the residue of the estate be distributed to the person or persons entitled thereto under the fourth clause of the will. It is further ordered that the costs of appeal be paid out of the assets of the estate. (Probate Code, sec. 1232.)

Tyler, P. J., and Cashin, J., concurred.

A petition by respondents to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on March 21, 1938.