[Civ. No. 12273. First Dist., Div. Two. Dec. 22, 1942.]

Estate of EVA L. PRICE, Deceased. EDITH B. PRICE, as Guardian, etc., et al., Respondents, v. ARTHUR BENJAMIN PRICE, Individually and as Executor, etc., et al., Appellants.

Gerald C. Halsey and Frederic T. Leo for Appellants.

James L. Minnis, Jr., for Respondents.

NOURSE, P. J.—To a petition for distribution filed by the executor objections were filed by two children of a deceased son of the testatrix upon the grounds that they had been unintentionally omitted from the provisions of the will. Following a hearing the probate court decreed that they were entitled to their proportionate share of the estate under section 90 of the Probate Code. The executor and a brother who was mentioned in the will appeal from this decree.

Eva L. Price died testate on June 4, 1941, leaving as her only heirs at law her two sons and two grandchildren, Merton Joseph Price, born August 3, 1920, and Susanne Price, born July 2, 1923—both children of Merton James Price, a son of the testatrix who died December 23, 1932. The will of Mrs. Price contained these two clauses which are all that is material to the controversy: ''I give, devise and bequeath to my two sons, Arthur Benjamin Price and Walter William Price, all of my property, real, personal and mixed and wheresoever situate, to be divided between them at my death, share and share alike.

''I purposely refrain from leaving anything by this my last will and testament to any other person or persons, and in the event that any other person or persons shall either directly or indirectly contest this my last will and testament I give to any such person or persons contesting said will the sum of $1 and no more, hereby declaring that I have

only at this date two surviving children, to wit: my said two sons above named.''

Section 90 of the Probate Code, which was enacted in 1931, reads: ''When a testator omits to provide in his will for any of his children, or for the issue of any deceased child, whether born before or after the making of the will or before or after the death of the testator, and such child or issue are unprovided for by any settlement, and have not had an equal proportion of the testator's property bestowed on them by way of advancement, unless it appears from the will that such omission was intentional, such child or such issue succeeds to the same share in the estate of the testator as if he had died intestate.''

The will was executed on January 12, 1933, and hence is controlled by the above section. It will be noted that the new section added the words ''from the will'' to the expression reading: ''unless it appears from the will that such omission was intentional.'' By this change the Legislature set at rest the question whether the intention of the testator to exclude could be determined by extrinsic evidence, or by presumptions and conjectures indulged in by the court. It expressly declared that this intention must appear ''from the will.''

The leading case on this subject is *In re Estate of Trickett*, 197 Cal. 20 [239 P. 406], which cites and distinguishes *Estate of Lindsay*, 176 Cal. 238 [168 P. 113]; *Estate of Minear*, 180 Cal. 239 [180 P. 535]; and *Estate of Hassell*, 168 Cal. 287 [142 P. 838], all of which are relied upon by appellants herein. In Estate of Trickett the excluding clause read in part (p. 22): '' . . . all other property . . . is to be divided amongst the four children mentioned . . . not their heirs or any other relatives or friends of mine.'' In holding that this clause was sufficient to exclude grandchildren not mentioned, the court said (pp. 22, 23): ''We are limited, therefore, to the terms of the will under consideration for the determination of the question of whether or not decedent intentionally omitted appellants, his heirs at law, from his will. It must appear upon the face of the will not only that the omission was intentional, but 'the words of the will must show that the testator has the persons omitted in his mind, and having them so in his mind, has omitted them from the provisions of the will.' [Citing cases.]'' And

again (p. 25) ''Marked and measured by the meaning of the word 'relatives' as employed in testamentary dispositions, the conclusion is inescapable that the testator in the instant case must have had in mind his blood relations, among whom, necessarily, were his grandchildren, the appellants herein, and consequently must have intended to exclude them from participation in his estate. The testator was emphatic in his declaration that no 'other relatives' should take under his will, and, as was said in *Estate of Lindsay, supra,* 'read in the light of the law of succession (§ 1386, Civ. Code), the will shows on its face that the testator had in mind the very persons, or the very class of persons, here asserting a right to succeed to a portion of his estate.' ''

In the same case *Hargadine* v. *Pulte,* 27 Mo. 423, was discussed and distinguished. In that case the excluding clause covered ''all and every person or persons.'' Our Supreme Court said that from these words it was not apparent ''on the face of the will'' that the testator intended to distinguish between his living children and his grandchildren.

Turning to the will of Mrs. Price we find nothing which brings it within this rule. The grandchildren are not mentioned and nothing is contained therein which would indicate that the testatrix had them in mind when the will was executed. The language excluding ''any other person or persons'' is the same as that found in the Hargadine case which we have just referred to. The clause as a whole is the ordinary ''no contest'' clause which is designed to prevent a contest of a will which frequently brings to life the private life and conduct of the decedent. That this is what the testatrix had in mind when she referred to ''any other person or persons'' is made clear by the language following where she gave to ''such person or persons *contesting said will*'' the sum of one dollar. Now it is settled law that a pretermitted heir seeking his interest under this section of the code is not a contestant and does not contest the will. His rights vest absolutely upon the death of the testator and, so far as his particular interest is concerned, there is no will. (*Estate of Sankey,* 199 Cal. 391, 405 [249 P. 517].)

It is said in *Estate of Lindsay,* 176 Cal. 238, 240 [168 P. 113], that the testator must be presumed to have known the law. Hence it was held that a clause excluding all ''persons claiming to be heirs'' must be read in the light of the law of succession and that the testatrix must be presumed to

have in mind the illegitimate children who would claim to be heirs. ■ Here Mrs. Price must be presumed to have known the law relating to a contest of the will either before or after probate, and she must be presumed to have had such a contest in mind when she gave one dollar to any person bringing such a contest. She must have feared a contest by some person claiming to be a child, otherwise there was no reason for her declaration that she had at that date only "two surviving children, to wit: my said two sons above named." This statement also indicates that she knew that her son Merton was deceased. But there is not a word in the will to indicate that she knew he had been married, that he was the father of two children, or that either of these children was then living.

■ The plain terms of the code section calling for a showing upon the face of the will that "such omission was intentional" preclude a holding that a general exclusion of all persons not mentioned is sufficient. If such a general exclusion clause were sufficient the next step would be one declaring "my wife my sole heir" which was held insufficient in *Bradley* v. *Bradley*, 24 Mo. 311, and in which the Missouri court said (p. 320) : "And in reading the testator's will in this case, it is not in the power of the court, from the will alone, to say whether the testator had a child living or not, or whether he ever had one. As to the children of the testator the will is a mere blank." We could say the same here, and if we were to reverse the case, it would be necessary to indulge in judicial legislation, and to declare that the section of the code did not require the "intentional" omission of an heir to appear upon the face of the will.

The decree is affirmed with costs to respondents.

Sturtevant, J., and Spence, J., concurred.

A petition for a rehearing was denied January 21, 1943, and appellants' petition for a hearing by the Supreme Court was denied February 18, 1943. Gibson, C. J., Edmonds, J., and Traynor, J., voted for a hearing.