[Civ. No. 8201. Third Dist. Oct. 31, 1952.]

Estate of FRANK TALMAGE, Deceased. JOAN TALMAGE McGOWAN, a Minor, etc., Appellant, v. THE ANGLO CALIFORNIA NATIONAL BANK, as Executor, etc., et al., Respondents.

Glickman, Orr & Heuring and David I. Wendel for Appellant.

Sampson & Dryden and Chenoweth & Leininger for Respondents.

PEEK, J.—This is an appeal by plaintiff from the judgment and order denying her claim as a pretermitted heir of Frank Talmage and decreeing final distribution of the estate.

The decedent had five children, four of whom survived him. The fifth, Frank Talmage, Jr., predeceased his father and left surviving him one child, Joan Talmage McGowan, the appellant herein.

Through her guardian ad litem Joan filed objections to the petition for distribution of her grandfather's estate upon the ground that under Probate Code, section 90, she was a pretermitted heir and hence entitled to succeed to the same share of his estate as if he had died intestate. Said section reads as follows:

"When a testator omits to provide in his will for any of his children, or for the issue of any deceased child, whether

born before or after the making of the will or before or after the death of the testator, and such child or issue are unprovided for by any settlement, and have not had an equal proportion of the testàtor's property bestowed on them by way of advancement, unless it appears from the will that such omission was intentional, such child or such issue succeeds to the same share in the estate as the testator as if he had died intestate.''

At the conclusion of the hearing upon the issue so raised the court found her to be the granddaughter of the decedent by a· predeceased son; that it was not true that decedent failed or omitted to provide for her; that she was provided for in paragraph Eighth of his will; that it was true neither she nor her father was mentioned by name in decedent's will; ''that it is true that Frank Talmage, deceased, provided for said Joan Talmage McGowan in paragraph 'Eighth' of said Will and therein gives and bequeaths to her the sum of $1.00''; and that it is not true that Joan Talmage McGowan is a pretermitted heir of decedent and entitled to share in his estate as if he had died intestate. The judgment which was thereafter entered awarded Joan the sum of $1.00.

The parties appear to be in agreement that paragraph Eighth of the will is the only portion thereof bearing on the determination of the questions so raised. That paragraph reads:

''I have purposely made no provision for any other person, whether claiming to be an heir of mine or not, and if any person, whether a beneficiary under this Will or not mentioned herein, shall contest this Will or object to any of the provisions hereof, having established in a court of competent jurisdiction a right to participate in my estate in any degree whatsoever, I hereby give and bequeath to such person or persons the sum of One Dollar, and no more, in lieu of the provision which I have made, or which I might have made, herein for such person or persons so contesting or objecting.''

Appellant contends the only clause of the will which could be construed to imply an intent to omit appellant from its provisions is said paragraph Eighth, which clause cannot be construed in such a manner because it is merely a ''no contest'' provision found in nearly all attorney prepared wills. Appellant also argues that if paragraph Eighth be construed to show an intention to omit the claimants, Probate Code, section 90, would be completely nullified. Appellant further argues that paragraph Eighth is too general in nature to

indicate a specific intent to omit Joan Talmage from the provisions of the will, being merely a catch-all provision intended to take care of everything the testator may have overlooked in preparing his will. This is exactly what Probate Code, section 90, guards against, the argument continues, i.e., the overlooking of a person within the pretermitted class, and the statute therefore should control and Joan Talmage be allowed to take as a pretermitted heir.

We do not think the decisions support such contention. In *Estate of Price*, 56 Cal.App.2d 335 [132 P.2d 485], the case principally relied upon by appellant in support of such contentions, the trial court found two children of a deceased child of the testator to be pretermitted heirs and as such were entitled to share in the estate. The will in that case contained a clause reading:

"I purposely refrain from leaving anything by this my last will and testament to any other person or persons, and in the event that any other person or persons shall either directly or indirectly contest this my last will and testament I give to any such person or persons contesting said will the sum of $1 and no more, hereby declaring that I have only at this date two surviving children, to-wit: my said two sons above named."

The District Court of Appeal in its decision upholding the judgment, in discussing the leading case on this subject, *Estate of Trickett*, 197 Cal. 20 [239 P. 406], said:

"In *Estate of Trickett* the excluding clause read in part (p. 22) : '. . . all other property . . . is to be divided amongst the four children mentioned . . . not their heirs or any other relatives or friends of mine.' In holding that this clause was sufficient to exclude grandchildren not mentioned, the court said (pp. 22, 23) : 'We are limited, therefore, to the terms of the will under consideration for the determination of the question of whether or not decedent intentionally omitted appellants, his heirs at law, from his will. It must appear upon the face of the will not only that the omission was intentional, but "the words of the will must show that the testator has the persons omitted in his mind, and having them so in his mind, has omitted them from the provisions of the will." [Citing cases.]' And again (p. 25) 'Marked and measured by the meaning of the word "relatives" as employed in testamentary dispositions, the conclusion is inescapable that the testator in the instant case must have had in mind his blood relations, among whom, necessarily, were

his grandchildren, the appellants herein, and consequently must have intended to exclude them from participation in his estate. The testator was emphatic in his declaration that no ''other relatives'' should take under his will, and, as was said in *Estate of Lindsay, supra, "read in the light of the law of succession* (Sec. 1386, Civ. Code), *the will shows on its face that the testator had in mind the very persons, or the very class of persons, here asserting a right to succeed to a portion of his estate." ' "* (Emphasis added.) The court, after applying these rules to the case, concluded:

''The plain terms of the code section calling for a showing upon the face of the will that 'such omission was intentional' preclude a holding that a general exclusion of all persons not mentioned is sufficient.''

Turning to the will involved in the instant case we note the testator stated he ''purposely made no provision for any other person, whether claiming to be an heir of mine or not.'' Under the rule of the Trickett case this was sufficient to show that the omission to provide for Joan Talmage, the issue of a deceased child of the testator, was intentional. This provision read in the light of the law of succession, which we must presume the testator to have known (*Estate of Lindsay*, 176 Cal. 238 [168 P. 113]), ''shows on its face that the testator had in mind the very persons, or the very class of persons, here asserting a right to succeed to a portion of his estate.'' (*Estate of Price, supra.*) In the Price case the decision appears to have been based upon the premise that a general reference to ''any other person or persons'' was too broad to show that the testator had in mind the class of heirs (grandchildren) there claiming a right to succeed to the estate. But a clause stating ''no provision for any other person, whether claiming to be an heir of mine or not'' cannot be said to fail to show the testator had in mind a claimant coming within that class of persons. Thus Joan Talmage, being an heir of the decedent within the excluded class and the omission as shown by the face of the will to have been intentional, she is therefore precluded from sharing in the estate except for the nominal sum of $1.00 as provided in paragraph Eighth.

The judgment and order are affirmed.

Van Dyke, J., and Schottky, J. pro tem., concurred.

Appellant's petition for a hearing by the Supreme Court was denied December 29, 1952.