[Civ. No. 19268. Second Dist., Div. One. Feb. 16, 1953.]

Estate of WILLIAM COCHRAN, Deceased. MYRTLE Mc-MANUS et al., Appellants, v. LEOTA A. LARSON et al., Respondents.

Borah & Borah and A. Noah Borah for Appellants.

Title & Tannenbaum, Julius M. Title and Birger Tinglof for Respondents.

PATROSSO, J. pro tem.—Appeal from a decree determining heirship whereby it was adjudged that respondents were pretermitted heirs and entitled to succeed to the entire estate.

The testator died June 17, 1951, leaving surviving as his sole heirs at law four daughters, who are the respondents here. By his will dated April 20, 1951, he bequeathed his entire estate to the appellants who are strangers in blood to him. The will, which made no specific mention of his children, among other things provides: "To anyone who may contest this will I give the sum of $1.00." Respondents filed a petition to determine heirship pursuant to Probate Code, section 1080, upon the hearing of which the order appealed from and previously mentioned was made.

Upon the hearing, appellants offered in evidence two letters, both written after the death of the testator, from the

respondent Leota A. Larson to the appellant Leuschner in which it was stated that the children and their father were not on good terms and had not been for a number of years; that they (the children) expected to be disinherited and that the only daughter to whom he might leave anything was the respondent Irla McKinney. Respondents objected to the receipt in evidence of these letters but the same were admitted subject to a motion to strike. At the close of the hearing, respondents made such a motion and it was granted by the court.

As ground for reversal appellants advance two contentions: (1) that the court erred in striking the letters above mentioned, and (2) that the provision of the will bequeathing $1.00 to anyone contesting the same constitutes a sufficient indication of an intention on the part of the testator to exclude his children from participation in his estate within the mention of Probate Code, section 90. We shall consider these in the order of their statement.

Counsel for appellants frankly concede that the trial court's action in excluding the Larson letters was proper in the light of the many decisions of the Supreme and appellate courts of this state which unite in holding that, under section 90 of the Probate Code, whether the failure of a testator to provide in his will for any of his children was intentional is to be determined solely from the will itself. (*In re Garraud*, 35 Cal. 336; *In re Stevens*, 83 Cal. 322 [23 P. 379, 17 Am.St.Rep. 252]; *In re Salmon*, 107 Cal. 614 [40 P. 1030, 48 Am.St.Rep. 164]; *Estate of Trickett*, 197 Cal. 20, 22 [239 P. 406]; *Estate of Allmaras*, 24 Cal.App.2d 457 [75 P.2d 557]; *Estate of Price*, 56 Cal.App.2d 335, 337 [132 P.2d 485].)

We are urged to overrule these cases because it is said that they were erroneously decided. We need not however consider the argument urged in support of this contention, for regardless of whether the earlier cases were rightly or wrongly decided, the matter was put beyond doubt by the 1931 amendment by which the words "from the will" were added to Probate Code, section 90. (*Estate of Price, supra*, 56 Cal.App.2d 335, 337.) The trial court therefore did not err in the ruling complained of.

Appellants' second contention is that by the provision of the will bequeathing "to anyone who may contest this will" the sum of $1.00 the testator manifested his intention of excluding his children from any substantial portion of his estate. In support of this, the following cases are cited:

*Estate of Allmaras,* 24 Cal.App.2d 457 [75 P.2d 557]; *Estate of Minear,* 180 Cal. 239 [180 P. 535]; *Estate of Lindsay,* 176 Cal. 238 [168 P. 113]; *Estate of Kurtz,* 190 Cal. 146 [210 P. 959]; *Estate of Dixon,* 28 Cal.App.2d 598 [83 P.2d 98]; *Estate of Frinchaboy,* 108 Cal.App.2d 235 [238 P.2d 592], and *Estate of Talmage,* 114 Cal.App.2d 18 [249 P.2d 345]. In all of these cases, however, as pointed out by respondents, the no-contest or disinheritance clause contained a reference to "heirs" or to "persons claiming to be heirs" or "any person who if I died intestate would be entitled to any part of my estate" whereas the clause here makes no mention of heirs but refers only "to anyone who may contest this will."

In the *Estate of Price, supra,* 56 Cal.App.2d 335, the court had occasion to consider a clause reading as follows: "I purposely refrain from leaving anything . . . to any other person or persons, and in the event that any other person or persons shall either directly or indirectly contest this my last will and testament I give to any such person or persons contesting said will the sum of $1 and no more, hereby declaring that I have only at this date two surviving children, to wit: my said two sons above named." There the testatrix left surviving her not only the two sons mentioned in her will but two grandchildren, children of a previously deceased son of the testatrix. Upon the hearing of a petition filed on behalf of the grandchildren, the trial court held that they were pretermitted heirs of the deceased and entitled to their proportionate share of the estate. The District Court of Appeal, in affirming the decree, considered all of the authorities cited above and held them inapplicable by reason of the fact that the language of the will made mention only of "persons" contesting the will and not to heirs. The court, after referring to the *Estate of Lindsay,* 176 Cal. 238 [168 P. 113], and observing that our Supreme Court therein "discussed and distinguished" the case of *Hargadine* v. *Pulte,* 27 Mo. 423, proceeds as follows (p. 338):

"In that case (*Hargadine* v. *Pulte*) the excluding clause covered all and every person or persons. Our Supreme Court said that from these words it was not apparent 'on the face of the will' that the testator intended to distinguish between his living children and his grandchildren.

"Turning to the will of Mrs. Price we find nothing which brings it within this rule. The grandchildren are not mentioned and nothing is contained therein which would indi-

cate that the testatrix had them in mind when the will was executed. The language excluding 'any other person or persons' is the same as that found in the Hargadine case which we have just referred to. The clause as a whole is the ordinary 'no contest' clause which is designed to prevent a contest of a will which frequently brings to life the private life and conduct of the decedent. That this is what the testatrix had in mind when she referred to 'any other person or persons' is made clear by the language following where she gave to 'such person or persons *contesting said will*' the sum of one dollar. Now it is settled law that a pretermitted heir seeking his interest under this section of the code is not a contestant and does not contest the will. His rights vest absolutely upon the death of the testator and, so far as his particular interest is concerned, there is no will. (*Estate of Sankey*, 199 Cal. 391, 405 [249 P. 517].)''

And at page 339 the court continues as follows:

''The plain terms of the code section calling for a showing upon the face of the will that 'such omission was intentional' preclude a holding that a general exclusion of all persons not mentioned is sufficient. If such a general exclusion clause were sufficient the next step would be one declaring 'my wife my sole heir' which was held insufficient in *Bradley* v. *Bradley*, 24 Mo. 311, and in which the Missouri court said (p. 320): 'And in reading the testator's will in this case, it is not in the power of the court, from the will alone, to say whether the testator had a child living or not, or whether he ever had one. As to the children of the testator the will is a mere blank.' We could say the same here, and if we were to reverse the case, it would be necessary to indulge in judicial legislation, and to declare that the section of the code did not require the 'intentional' omission of an heir to appear upon the face of the will.''

Counsel for respondents argue with some force that the conclusion reached in the *Estate of Price* is erroneous. However, a petition for hearing by the Supreme Court was there denied, and having received the approval of the Supreme Court, we feel that if a different rule is now to be announced it should be by a decision of the highest court of state.

The order appealed from is affirmed.

Doran, Acting P. J., and Drapeau, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied April 15, 1953.