[Civ. No. 18919.   Second Dist., Div. One.   Aug. 11, 1952.]

Estate of ANNIE COCHEMS, Deceased.   PAUL CHARLES
     COCHEMS et al., Appellants, v. WALTER ANTHONY
     COCHEMS et al., Respondents.

Nathan Kates and Gerald B. Tannen for Appellants.

C. C. Dillavou for Respondents.

DRAPEAU, J.—Annie Cochems died testate on August 28, 1950, leaving six children surviving her.   One son, Paul Leopold Cochems, predeceased her.

By her last will duly admitted to probate herein, she bequeathed her estate to the six surviving children, naming them. No mention was made of her predeceased son, nor of his three living children: Paul Charles Cochems, Mary Martha Cochems and Josephine Crosier.

These three grandchildren of testatrix filed their petition to determine heirship claiming one-seventh of the estate as pretermitted heirs under section 90, Probate Code, to wit:

"When a testator omits to provide in his will for any of his children, or for the issue of any deceased child . . . and such child or issue are unprovided for by any settlement, and have not had an equal proportion of the testator's property bestowed on them by way of advancement, unless it appears from the will that such omission was intentional, such child or such issue succeeds to the same share in the estate of the testator as if he had died intestate."

The coexecutors of the last will of decedent filed their objections. Upon hearing, the trial court found that testatrix intentionally omitted to provide for petitioners. And that she made a conditional provision in the sum of $1.00 to each of them under the following clause of her will:

"I hereby generally and specifically disinherit each, any and all persons whomsoever claiming to be or who may be lawfully determined to be my heirs at law, except as otherwise mentioned in this Will, and if any such persons or such heirs, or any devisees under this Will, or their successors in interest, or any other person who, if I died intestate, would be entitled or shall lawfully or indirectly, singly or in conjunction with other persons, seek to establish or assert any claims to my estate or any part thereof, excepting under this Will, or attach (sic.), oppose or seek to set aside the probate of this Will, or to impair, invalidate or set aside its provisions, or to have the same or any part thereof, or any devise or devises, or trust herein limited, declared void or diminished, or to defeat or change any part of the testamentary plan of this Will, or settle or compromise directly or indirectly either in or out of court, with any contestants of this Will, or shall consent to, acquiesce in or fail to contest such proceedings, or shall endeavor to secure or take any part of my estate in any manner other than through or under this Will, then in any or all of the above mentioned cases and events, I hereby give and bequeath to such persons or person the sum of One Dollar ($1.00) and no more, in lieu of any other share or interest in my estate and all the rest of the interest, share or

property which would otherwise have gone to such person or persons, by devise or inheritance, or which they may be entitled to take under any provision of law, shall go, and I hereby give, devise and bequeath the same, in fee simple, share and share alike, to such each and all of my devisees and legatees mentioned in this Will, as shall not have made, joined, assisted, consented or acquiesced in such proceedings, or settled or compromised, directly or indirectly, either in or out of court, with any contestants of this Will; and if all of said devisees and legatees, or their successors in interest, shall join, assist, consent or acquiesce in such proceedings, or so settle or compromise with any such contestants, I hereby give, devise and bequeath in fee, the whole of my estate to my next heirs at law, excluding said devisees, legatees, their successors in interest, and such contestants, according to the laws of succession then in force in the State of California, anything to the contrary in this Will notwithstanding.''

From the judgment which followed, the grandchildren appeal. They contend that the quoted disinheritance clause in the Will does not indicate that testatrix intended to omit them nor does it show that she had them in mind when she executed her will.

In support of their contention, appellants cite *Estate of Price,* 56 Cal.App.2d 335, 336 [132 P.2d 485], where it was held that grandchildren were not shown by will to have been intentionally omitted. There testatrix devised her property to two living sons without mentioning the children of a predeceased son. But an exclusion clause in the will read as follows:

''I purposely refrain from leaving anything by this my last will and testament to any other person or persons, and in the event that any other person or persons shall either directly or indirectly contest this my last will and testament I give to any *such person or persons* contesting said will the sum of $1 and no more, hereby declaring that I have only at this date two surviving children, to-wit: my said two sons above named.'' (Emphasis added.)

■■ However, it is settled that the term ''heirs'' precisely ''describes children and the issue of deceased children, and if the language of the will discloses an intention not to provide for 'heirs' other than the designated devisees and legatees, the necessary conclusion is that the claimant was disinherited by design and not because the testator was oblivious of his existence. That the testator had the claimant in

mind and intentionally failed to provide for him is held to be evidenced by language which refers to the exclusion of 'heirs' or 'relatives' or which expresses a gift of a nominal sum to any person who shall claim to be one of the testator's 'heirs.' '' (26 Cal.Jur. 926, § 239, citing *Estate of Hassell,* 168 Cal. 287 [142 P. 838]; *Estate of Lindsay,* 176 Cal. 238, 240 [168 P. 113]; *Estate of Minear,* 180 Cal. 239 [180 P. 535]; *Estate of Trickett,* 197 Cal. 20 [239 P. 406]; *Estate of Lombard,* 16 Cal. App.2d 526 [60 P.2d 1000].)

It is equally well settled that the question as to whether testatrix intended to disinherit her grandchildren must be determined from the language of the will itself, without resort to extrinsic evidence. (26 Cal.Jur. 924, § 237; *Estate of Garraud,* 35 Cal. 336; *In re Salmon,* 107 Cal. 614 [40 P. 1030, 48 Am.St.Rep. 164]; *Estate of Trickett,* 197 Cal. 20 [239 P. 406]; *Estate of Allmares,* 24 Cal.App.2d 457, 461 [75 P.2d 557].)

In addition to the disinheritance clause hereinbefore quoted, the instant will contains other language from which an inference arises that testatrix intended to omit her grandchildren from participating in her estate. This language provides that in the event that any one of her named sons or daughters predecease testatrix, then his or her share shall go equally to the survivors of that class.

As stated in *Estate of Trickett, supra* (197 Cal. 20, 25): ''The general scheme of the will and the intent of the testator as manifested by the language of the will compel the conclusion that the testator failed to provide for appellants not because be was oblivious of their existence but, rather, because he did not desire them to share in his estate.''

This court is of the opinion that the language of the instant will clearly shows an intention to exclude appellant grandchildren from participating in testatrix' estate. However, we are not unmindful of the view expressed by the trial judge in his memorandum opinion that ''these general clauses of contests or disinheritances or inheritances do not in fact constitute evidence that omitted children or grandchildren were intentionally omitted, but that quite the contrary is true, for had they not been forgotten, they would generally have been referred to at least by a class. . . .''

The judgment is affirmed.

White, P. J., concurred.

Doran, J., dissented.