157 Cal.App.2d 380 (1958)
321 P.2d 25
Estate of FRITZ O. FERNSTROM, Deceased.
MARTA FERNSTROM OBOLENSKY, Appellant,
v.
WALTER G. DANIELSON, as Executor, etc., et al., Respondents.
Docket No. 22740.
Court of Appeals of California, Second District, Division One.
February 3, 1958.
*381 Frederick W. Mahl, Jr., for Appellant.
H. Spencer St. Clair, Thomas J. Cunningham, John P. Sparrow and R. Bruce Hoffe for Respondents.
HERNDON, J. pro tem.[*]
In proceedings instituted pursuant to section 1080 et seq. of the Probate Code, appellant sought a determination that she was the pretermitted daughter of Fritz O. Fernstrom, the decedent. In her petition she alleged that she was the only child of the decedent; that she was born in France in 1922 after her mother had procured an interlocutory decree of divorce from the decedent, but before rendition of the final decree; that decedent's will made no provision for her; that she had received no portion of decedent's property by way of advancement; and that decedent's omission to provide for her in his will was unintentional. On *382 these allegations appellant sought to invoke the benefit of section 90 of the Probate Code:
"Section 90. Rights of children and grandchildren. When a testator omits to provide in his will for any of his children, or for the issue of any deceased child, whether born before or after the making of the will or before or after the death of the testator, and such child or issue are unprovided for by any settlement, and have not had an equal proportion of the testator's property bestowed on them by way of advancement, unless it appears from the will that such omission was intentional, such child or such issue succeeds to the same share in the estate of the testator as if he had died intestate."
The trial court found "that it appears from the Last Will and Testament of the above named decedent that he intentionally omitted to make provision in said Will for any child, including Marta Fernstrom Obolensky even if it were to be determined that she was his daughter." The court thereupon rendered its decree to the effect that the estate should be distributed in accordance with the terms of the will.
[1a] The provisions of the will pertinent to our present inquiry are found in two articles thereof, reading as follows:

"ARTICLE II.
"I declare that I was once married, but have been for a long time divorced; that I have had no children; that I have four brothers, namely, CHARLES, ERIK, FRANS and JOHN, and one sister, FRIDA HOLM. In making this Will I have considered the economic circumstances of my brothers and sister. My brothers in Sweden, Erik, Frans and John are quite well situated and therefore do not need to be considered financially in my will, and my sister, Frida Holm is not in need of any financial assistance. I have at the present time certain funds on deposit in Sweden. By this Will I intend to dispose of all of my property wheresoever situated. During my life, I have acquired certain items of personal property which I believe should have value to and remain in the Fernstrom family. For this reason I have expressed certain of my desires with respect to such property."

"ARTICLE XI.
"I have, except as otherwise provided in this Will, intentionally and with full knowledge omitted to provide for my heirs who may be living at the time of my death."
The determinative question on this appeal is whether it appears from the provisions of the will that the testator *383 intentionally omitted to provide for any person who might establish that he or she was a child of the testator. Both precedent and reason require that this question be answered in the affirmative. [2] All parties to this appeal accept the well settled rule that, for the purpose of the present inquiry, the intent of the testator must be determined solely by reference to the will itself and that extrinsic evidence is not admissible for this purpose. (Estate of Trickett, 197 Cal. 20, 22, 23 [239 P. 406]; Estate of Cochems, 112 Cal. App.2d 634, 637 [247 P.2d 131]; Estate of Labrie, 130 Cal. App.2d 235, 237 [278 P.2d 760].)
[3] The courts of California have held repeatedly and consistently that a testator's declaration in his will that he has intentionally omitted to provide for his heirs is a sufficient expression of his intentional omission of provision for children. (Estate of Hassell, 168 Cal. 287 [142 P. 838]; Estate of Lindsay, 176 Cal. 238 [168 P. 113]; Estate of Lombard, 16 Cal. App.2d 526 [60 P.2d 1000]; Estate of Doell, 113 Cal. App.2d 37 [247 P.2d 580].)
[4] In a number of California cases it has been held that nominal testamentary provisions for "heirs" were effective to preclude children from taking as pretermitted heirs, even though such children were not named. (Van Strien v. Jones, 46 Cal.2d 705 [299 P.2d 1]; Estate of Lindsay, supra; Estate of Minear, 180 Cal. 239 [180 P. 535]; Estate of Talmage, 114 Cal. App.2d 18 [249 P.2d 345]; Estate of Allmaras, 24 Cal. App.2d 457 [75 P.2d 557].) [5] As stated in the recent decision of Van Strien v. Jones, supra (p. 707): "It is well settled that where in a will a testator's child is intentionally omitted or given $1.00 or any other sum, section 90 of the Probate Code is satisfied although the child is not mentioned by name."
In Estate of Hassell, supra, three children petitioned the court as alleged pretermitted heirs. The will of the decedent contained the following provision: "Those of my heirs not herein mentioned has been omitted by me with full knowledge thereof." In holding that the petitioners were not entitled to take, the Supreme Court stated at page 289: "It is argued by appellants that the language subsequently quoted to the effect that `heirs not herein mentioned have been omitted with full knowledge' should not be construed to mean and to include his children, since if he had designed or intended to exclude his children he would have used the precise word. But this is asking the court to put an unpermissible construction upon *384 a word of well defined meaning both at law and in popular parlance. At law, while the word may include others, it always includes the children of a decedent. In popular parlance it not only has the same meaning, but, if there be any difference, it is more frequently used as a synonym of children. Thus, in common speech, a man will frequently speak of his heirs, meaning thereby his children and his children alone. No natural sympathy for the disinherited (the reason for which disinherison we cannot know) can be allowed so grossly to pervert the meaning of a well understood word as to permit us to hold, as here under appellant's contention we would be obliged to hold, that the word `heirs' did not include and was not used to include a class universally embraced within its significance." (Emphasis added.)
A testamentary provision almost identical with that involved in the instant case was presented in Estate of Lombard, supra. In that case the testator had declared that he had no children or grandchildren and stated: "I have, except as otherwise in this will specified, intentionally and with full knowledge omitted to provide for my heirs living at the time of my demise." In holding that the children of the testator were effectively disinherited, the court stated at page 528: "It is argued by petitioners that the language of section eight of the will to the effect that the testator had `intentionally and with full knowledge omitted to provide for my heirs living at the time of my demise' should not be construed to mean and to include the testator's children, since if he had intended to exclude his children he would have used the precise word. We cannot put such a strained construction upon the word `heirs.' `At law, while the word may include others, it always includes the children of a decedent.'" (Citing Estate of Hassell, supra.)
Again, in Estate of Doell, supra, there was presented the following substantially identical provision: "Except as otherwise provided in this will, I have intentionally, with full knowledge, omitted to provide for my heirs and the heirs of my predeceased husband." In rejecting the contention that this language did not sufficiently identify an omitted child of testator's deceased child, the court quoted from the decision in Estate of Hassell, supra, the following: "At law, while the word (heirs) may include others, it always includes the children of a decedent" and held that by the same token it necessarily included the children of a deceased child. Appellant's *385 efforts to distinguish this, and other decisions to the same effect, are strained and unconvincing.
Appellant urges that the will involved in the instant case shows that the testator did not have her in mind at the time he executed his will. Indeed, appellant's preferred hypothesis is that the testator never knew of her existence. [6] This contention is unavailing because the rule is settled that when a testator has declared in his will that he intends to omit all heirs not therein provided for, such declared intention and purpose will be given effect and it is immaterial whether the testator knew of the existence of the particular claimant or whether the particular claimant was in the testator's mind. In the Allmaras, Lombard and Minear cases, it appeared from the wills involved that the testators did not have the unsuccessful claimants in mind, for, in each of those cases, as in the instant case, the testator declared that he had no children. Paraphrasing the language of the Minear decision (180 Cal. 239, at p. 240), the testator has said in effect, "I have no children, but if any persons other than those named in my will appear claiming that they are my heirs, either as children or otherwise, I hereby declare my intention to exclude them from sharing in my estate."
[1b] Appellant urges that since the Fernstrom will was drafted by a skilled attorney, the presumption is all but conclusive that legal terms embodied in the will are used in their legal sense. Again, proceeding upon the hypothesis that the testator was unaware of appellant's existence, appellant argues that by the use of the word "heirs" in article XI testator must have referred only to his brothers and sister. The essence of appellant's argument is that under testator's conception of his family situation as revealed by his will the term "heirs," used in a legal sense, could refer only to the brothers and sister.
The fallacy in this argument is easily demonstrated. Indeed, the cutting edge of the sword which appellant has thus raised is against her. The skilled attorney who drafted the Fernstrom will presumably was aware of the law that no declaration of intention is necessary to effectuate a disinheritance of brothers and sisters not mentioned or provided for. The attorney presumably was aware, also, of the law that a declaration of intent to disinherit "heirs" would not effectively bar the claim of a person claiming to have been married to the testator subsequent to the execution of the will.
*386 It follows that article XI can be given legal effect only by applying it to appellant who, assuming the truth of her allegation that she is a daughter, is a member of the only class of heirs legally subject to the effect of such a clause, to wit, lineal descendants. Furthermore, the testator named his brothers and his sister in article II and gave his reason for not providing for some of them. There being no legal necessity for such a statement, it would appear to have been intended quite naturally as a personal explanation designed only to negate any possible supposition that he entertained some feeling of animosity toward these relatives. However, if there had been any thought in the mind of the testator or his attorney that it was necessary to mention his brothers and sisters in order to disinherit them, article II would have sufficed.
In short, we think it must be presumed that the attorney who drafted the instant will included article XI therein for the express purpose of foreclosing the possibility of claims by persons known or unknown who might be, or claim to be, the testator's issue. In view of the California precedents above cited testator's attorney would have been justified in advising his client: "You say you have had no children. Nevertheless, I have included Article XI in your will as insurance against the possibility that after your death some person may come forward and demand distribution of your estate on the basis of a claim that he or she is your child or your grandchild. Article XI will bar any such possible claim."
Appellant makes much of quoted statements of the trial judge to the effect that he regarded this as a "hard" case and that he followed the controlling California decisions most reluctantly, feeling that they placed California "out of step with all other jurisdictions." Our research convinces us, on the contrary, that California's position is not out of harmony with the weight of authority dealing with the same type of pretermission statute. (See article on Wills, 57 Am.Jur. 406, § 90; 152 A.L.R. 723, 735.) We agree, of course, that the learned trial judge was correct in following the controlling decisions, but we do not share his reluctance to do so. We do not regard this as a "hard" case. Our conclusion would be the same even were this a case of first impression. We would regard it as most unreasonable and palpably wrong to nullify this testator's entire testamentary plan in favor of a child who, according to her own preferred theory of the case, had *387 never made her existence known to the testator during the 34 years she had lived prior to his death. In the nature of things, we think it questionable whether she or any other person in like position would generally be regarded as the natural object of the testator's bounty.
The decree is affirmed.
White, P.J., and Fourt, J., concurred.
Appellant's petition for a hearing by the Supreme Court was denied April 2, 1958. Carter, J., was of the opinion that the petition should be granted.
NOTES
[*] Assigned by Chairman of Judicial Council.