[S. F. No. 7026.    Department Two.—July 29, 1914.]

In the Matter of the Estate of NILS F. HASSELL, Deceased.

WILL—DISINHERISON OF CHILDREN—INTENT MUST APPEAR ON FACE OF WILL.—Before the natural rights of children to share in the inheritance of their immediate ancestors can be taken away, the testator's intent that they shall not so share must appear upon the face of the will strongly and convincingly. If the intent is not thus satisfactorily established, the law concludes that the testator inadvertently failed to make provision for his children or children of deceased children.

ID.—DISINHERISON OF "HEIRS."—Where a will, after leaving a bequest to one of the testator's children, recites that "those of my heirs not herein mentioned has been omitted by me with full knowledge thereof," the intent to disinherit his other children sufficiently appears on the face of the will.

ID.—WORD HEIRS INCLUDES CHILDREN.—At law, while the word "heirs" may include others, it always includes the children of a decedent.

APPEAL from a decree of the Superior Court of Alameda County distributing the estate of a deceased person. Wm. S. Wells, Judge.

The facts are stated in the opinion of the court.

Edward R. Eliassen, for Appellants.

Gavin McNab, Nat Schmulowitz, Stetson & Koford, and John C. Scott, Executor, etc., *in pro. per.*, for Respondents.

HENSHAW, J.—Nils F. Hassell died testate. His estate was probated in the county of Alameda. He was seventy-nine years old at the time of his death. The executor petitioned for final distribution of his estate. Three of the children of Hassell petitioned for distributive shares of the estate as pretermitted heirs of the deceased. The court held that they were not pretermitted heirs, but had been intentionally omitted from any share in the testator's bounty. From the decree following this determination these children of Nils F. Hassell have appealed.

The will contained the following provisions:

"One-half thereof to Rosa S. Theorin of Chicago, Illinois, to have and to hold unto herself, heirs and assigns forever, if she survive me, otherwise said share shall go to my son Carl J. Hagelund one-half and the other one-half thereof shall go to Signa Hagelund and Marie Valentine, both of Chicago, Illinois, shares and shares alike. . . .

"Those of my heirs not herein mentioned has been omitted by me with full knowledge thereof.

"Any of the foregoing persons or any other person or persons claiming to be heirs of mine, and not herein mentioned, making any contest of this will under any pretense shall be, by such contest, excluded from taking any part of my estate."

It is, of course, well established that before what are considered to be the "natural rights" of children to share in the inheritance of their immediate ancestors shall be taken away, the intent that they shall not so share must appear upon the face of the will strongly and convincingly. (*In re Stevens,* 83 Cal. 330, [17 Am. St. Rep. 252, 23 Pac. 379]; *Rhoton* v. *Blevin,* 99 Cal. 647, [34 Pac. 513]; *In re Salmon,* 107 Cal. 617, [48 Am. St. Rep. 164, 40 Pac. 1030].) If the intent is not thus satisfactorily established the law will reach the humane conclusion that the testator inadvertently failed to make provision for his children or children of deceased children. The first quotation from this will indicates the knowledge of the

testator of the existence of one son, who is made the recipient of the father's bounty. It is argued by appellants that the language subsequently quoted to the effect that "heirs not herein mentioned have been omitted with full knowledge" should not be construed to mean and to include his children, since if he had designed or intended to exclude his children he would have used the precise word. But this is asking the court to put an unpermissible construction upon a word of well defined meaning both at law and in popular parlance. At law, while the word may include others, it always includes the children of a decedent. In popular parlance it not only has the same meaning, but, if there be any difference, it is more frequently used as a synonym of children. Thus, in common speech, a man will frequently speak of his heirs, meaning thereby his children and his children alone. No natural sympathy for the disinherited (the reason for which disinherison we cannot know) can be allowed so grossly to pervert the meaning of a well understood word as to permit us to hold, as here under appellant's contention we would be obliged to hold, that the word "heirs" did not include and was not used to include a class universally embraced within its significance.

It follows herefrom that the decree appealed from must be and hereby is affirmed.

Lorigan, J., and Melvin, J., concurred.