[Civ. No. 15328.   First Dist., Div. Two.   Sept. 5, 1952.]

Estate of BETTA DOELL, Deceased.   ANTHONY WOER-
NER, Appellant, v. ELICE BERNHARDT et al., Re-
spondents.

Mueller & McLeod for Appellant.

Erskine, Erskine & Tulley and Schofield, Hanson & Jenkins
for Respondents.

JONES, J. pro tem.—To a petition for a partial distribu-
tion by named legatees under the will of Betta Doell, ap-
pellant filed his written opposition. The legatees seeking
distribution are nieces and nephews of the decedent and
named beneficiaries under the will. Appellant is the only
child of a deceased son and is devised nothing. In his
opposition to the petition for partial distribution he alleges
that it does not appear from the will that the omission to
provide for him was intentional. He claims that for this
reason he is entitled to have the whole estate distributed to
him—he being the only lineal descendant of Mrs. Doell.
(Prob. Code § 90.)

The trial court found, however, that the omission was intentional, and decreed partial distribution to the petitioning legatees. It is from this decree that he has appealed.

That portion of the will pertinent to the principal question presented on appeal is: "Except as otherwise provided in this will, I have intentionally, with full knowledge, omitted to provide for my heirs and the heirs of my predeceased husband." Appellant contends that this language does not identify him and he was not, therefore, intentionally disinherited.

In *Estate of Hassell,* 168 Cal. 287, 289 [142 P. 838], the court said, "At law, while the word (heirs) may include others, it always includes the children of a decedent." And by the same token it necessarily includes the children of a deceased child. It was argued in *Estate of Lombard,* 16 Cal.App.2d 526, 528 [60 P.2d 1000], that the language "intentionally and with full knowledge omitted to provide for my heirs living at the time of my demise," should not be construed to mean and to include the testator's children. The court rejected this contention upon the authority of *Estate of Hassel, supra,* stating "We cannot put such a strained construction upon the word 'heirs.' "

When used in a will to designate a class of persons for whom no provision is made the term "heirs" includes children as well as those who take by right of representation. Here the will of the testatrix clearly and unequivocally states that, "I have intentionally, and with full knowledge, omitted to provide for my heirs" not otherwise mentioned. This statement in the will does not leave any room for the trial court to draw any conclusion other than that the testatrix had her grandson in mind at the time she made the will and intended to give him nothing. Her reason for not leaving any property to him is not material to the proceeding.

Appellant contends that the expression, "I have intentionally . . . omitted to provide for my heirs and the heirs of my predeceased husband". is ambiguous and therefore ineffective. With this contention we can not agree. The testatrix has simply and clearly designated two different classes of persons and has provided that neither class shall take under the will.

In support of his contention that he is not specifically designated as an omitted heir appellant relies strongly on *Estate of Price,* 56 Cal.App.2d 335 [132 P.2d 485]. In that case the clauses of the will material to the question of

designation differ radically in language from the designation made by the testatrix in this case. In the Price case the testatrix said: "I give, devise and bequeath to my two sons, Arthur Benjamin Price and Walter William Price, all of my property, real, personal and mixed and wheresoever situate, to be divided between them at my death, share and share alike.

"I purposely refrain from leaving anything by this my last will and testament to any other person or persons, and in the event that any other person or persons shall either directly or indirectly contest this my last will and testament I give to any such person or persons contesting said will the sum of $1 and no more, hereby declaring that I have only at this date two surviving children, to wit: my said two sons above named."

Mrs. Price in effect said that her only heirs were her two sons, and purposely refrained "from leaving anything . . . to any other person or persons." However, she did not state that she refrained from leaving anything to any of her other heirs. The court held in that case that the term "any other person or persons" was not equivalent to "any other heir or heirs," and consequently too general to designate a grandson.

On the other hand, in the will in this case the testatrix expressly states that she has intentionally, and with full knowledge, omitted to provide for *her heirs*. The term "heirs," when so used is specific enough, according to the cases heretofore cited, not only to designate the children, but also the children of any deceased child of the testatrix.

The decree is affirmed.

Nourse, P. J., and Dooling, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied October 30, 1952.