[Civ. No. 23140. Second Dist., Div. Three. Oct. 14, 1958.]

Estate of ROBERT BROWN, Deceased. JAMES M. BROWN et al., Appellants, v. GRACE MILNER, Respondent.

David M. Richman for Appellants.

Rose, Klein & Marias for Respondent.

PATROSSO, J. pro tem.*—This is an appeal by four natural children of the above named decedent from a decree determining that they were not pretermitted heirs and hence not entitled as such to succeed to any portion of his estate.

By his last will and testament the decedent devised and bequeathed the whole of his estate to Grace Milner and appointed her executrix thereof. The other relevant provisions of the will are the following:

"SECOND: I declare that I am a widower, and that I have no children.

"FOURTH: I have, except as otherwise in this Will specified, intentionally and with full knowledge, and not as a result of any accident, mistake or inadvertence, omitted to provide for any other of my heirs living at the time of my demise.

"FIFTH: If any person . . . who, if I died intestate, would be entitled to share in my estate, shall, in any manner whatsoever, directly or indirectly, contest this Will or attack, oppose or seek to impair or invalidate any provision hereof, . . . then I hereby bequeath to each such person the sum of One Dollar ($1.00) only, . . ."

Appellants contend that the foregoing provisions of the will are insufficient to establish that the failure of the testator to provide for his children was intentional within the meaning of section 90 of the Probate Code. Their argument is that the statement in paragraph second quoted above that the testator had no children, demonstrates that the testator did not have his children in mind when he executed the will. A like contention was advanced with respect to a will containing substantially the same language as that which appears in

---

*Assigned by Chairman of Judicial Council.

paragraphs second and fourth of the will in the instant case in the *Estate of Fernstrom* (1958), 157 Cal.App.2d 380 [321 P.2d 25], in which a hearing by the Supreme Court was denied. There the will stated, in part, that the testator "had no children" and added "I have, except as otherwise provided in this Will, intentionally and with full knowledge omitted to provide for my heirs who may be living at the time of my death." In holding that this language was sufficient to establish that the omission to provide for his daughter was intentional, the court said (p. 383):

■ "The courts of California have held repeatedly and consistently that a testator's declaration in his will that he has intentionally omitted to provide for his heirs is a sufficient expression of his intentional omission of provision for children. (*Estate of Hassell,* 168 Cal. 287 [142 P. 838]; *Estate of Lindsay,* 176 Cal. 238 [168 P. 113]; *Estate of Lombard,* 16 Cal.App.2d 526 [60 P.2d 1000]; *Estate of Doell,* 113 Cal. App.2d 37 [247 P.2d 580].)

■ "In a number of California cases it has been held that nominal testamentary provisions for 'heirs' were effective to preclude children from taking as pretermitted heirs, even though such children were not named. (*Van Strien* v. *Jones,* 46 Cal.2d 705 [299 P.2d 1]; *Estate of Lindsay, supra; Estate of Minear,* 180 Cal. 239 [180 P. 535]; *Estate of Talmage,* 114 Cal.App.2d 18 [249 P.2d 345]; *Estate of Allmaras,* 24 Cal.App.2d 457 [75 P.2d 557].) As stated in the recent decision of *Van Strien* v. *Jones, supra* (p. 707): 'It is well settled that where in a will a testator's child is intentionally omitted or given $1.00 or any other sum, section 90 of the Probate Code is satisfied although the child is not mentioned by name.' "

■ Appellants seek to distinguish the foregoing case from that at bar by the argument that inasmuch as the testator left surviving two sisters, the use of the words "any other of my heirs" in paragraph fourth must be construed as referring to heirs other than his children. Substantially the same argument was advanced by the appellant daughter in the Fernstrom case and rejected, the court saying (pp. 385-386):

"Again, proceeding upon the hypothesis that the testator was unaware of appellant's existence, appellant argues that by the use of the word 'heirs' in article XI, testator must have referred only to his brothers and sister. The essence of appellant's argument is that under testator's conception of his family situation as revealed by his will the term 'heirs,' used

in a legal sense, could refer only to the brothers and sister.

"The fallacy in this argument is easily demonstrated. Indeed, the cutting edge of the sword which appellant has thus raised is against her. The skilled attorney who drafted the Fernstrom will presumably was aware of the law that no declaration of intention is necessary to effectuate a disinheritance of brothers and sisters not mentioned or provided for. The attorney presumably was aware, also, of the law that a declaration of intent to disinherit 'heirs' would not effectively bar the claim of a person claiming to have been married to the testator subsequent to the execution of the will.

"It follows that article XI can be given legal effect only by applying it to appellant who, assuming the truth of her allegation that she is a daughter, is a member of the only class of heirs legally subject to the effect of such a clause, to wit, lineal descendants."

Substantially identical provisions were contained in the will involved in the *Estate of Lombard, supra,* (1936) 16 Cal. App.2d 526, where the court in concluding that the children of the testator were expressly and effectively disinherited thereby said (p. 528):

"It is argued by petitioners that the language of section eight of the will to the effect that the testator had 'intentionally and with full knowledge omitted to provide for my heirs living at the time of my demise' should not be construed to mean and to include the testator's children, since if he had intended to exclude his children he would have used the precise word. We cannot put such a strained construction upon the word 'heirs.' 'At law, while the word may include others, it always includes the children of a decedent.' (*Estate of Hassell, supra.*)"

To the same effect are the following: *Estate of Doell, supra,* 113 Cal.App.2d 37; *Estate of Hassell, supra,* 168 Cal. 287; *Estate of Lindsay, supra,* 176 Cal. 238.

 Moreover, if we entirely disregard paragraphs second and fourth of the will paragraph fifth thereof quoted above effectively operates to disinherit the appellants. In *Van Strien* v. *Jones, supra,* (1956) 46 Cal.2d 705, the question presented was whether the following provision of the will disinherited the plaintiff, a daughter of the testator, who was not provided for or otherwise mentioned therein, in terms sufficient to satisfy section 90 of the Probate Code (pp. 706-707):

" 'If any person who is, or claims under or through, a devisee, legatee, or beneficiary under this Will, or *any person who if I died intestate would be entitled to share in my estate,* shall, in any manner whatsoever, directly or indirectly contest this Will . . . then I hereby bequeath to each such person the sum of One Dollar ($1.00) only . . . .' " [Emphasis added.]

It will be noted that the language of the will there was substantially identical with that contained in paragraph fifth of the will in the instant case. Said the court (pp. 707-708) :

"In the present case the will, in addition to providing generally for 'any person' who claims under the will, also provides that if 'any person who if I died intestate would be entitled to share in my estate' should contest the will he bequeaths to such person the sum of $1.00. In *Estate of Kurtz,* 190 Cal. 146 [210 P. 959], the testator provided: 'I . . . disinherit each and all persons whatsoever claiming to be, and who may be, my heirs at law . . . and if any of such parties or such heirs, or any person whomsoever *who, if I died intestate, would be entitled to any part of my estate* . . . seek or establish or assert any claim to my estate . . . I hereby give and bequeath to said person or persons the sum of One ($1.00) Dollar. . . .' The portions of that will which have been emphasized are almost identical with the clause in the will in the present case. In *Estate of Dixon,* 28 Cal.App.2d 598 [83 P.2d 98], the will also 'contained a clause almost identical with the will of the decedent in' the Kurtz case. (See also *Estate of Lindsay, supra,* 176 Cal. 238; *Estate of Hassell, supra,* 168 Cal. 287; *Estate of Lombard,* 16 Cal.App.2d 526 [60 P.2d 1000].) In all of the foregoing cases it was held that children or grandchildren of the testator were not pretermitted where the wills referred to them only as 'heirs not herein mentioned,' or 'persons claiming to be heirs,' or as in the present case, 'persons who if I died intestate would be entitled to any part of my estate.' Such provisions in wills arc guards against specific contests of the will, as distinguished from provisions whereby the testator bequeaths $1.00 or other sum to 'anyone who may contest this will.' *Estate of Cochran, supra,* 116 Cal.App.2d 98 [253 P.2d 41].) The wills in the Kurtz and other cases herein cited to like effect make definite and specific reference to persons who, by the laws of succession, would be entitled to participate in the testator's estate had he died intestate, or had he died testate but failed to mention them in his will or otherwise provide for them. Those

cases support the conclusion of the trial court in sustaining the demurrer.''

In light of the foregoing the trial court correctly concluded that by the terms of his will the testator evidenced his intentention to disinherit all of his heirs including his children, the appellants herein.

The judgment is affirmed.

Shinn, P. J., and Vallée, J., concurred.