214 Cal.App.2d 590 (1963)
Estate of PORTIA E. McCLURE, Deceased. JOAN FARMER, Claimant and Appellant,
v.
ROBERT McCLATCHEY et al., Claimants and Respondents.
Civ. No. 6958. 
California Court of Appeals. Fourth Dist. 
Mar. 28, 1963.
 C. A. Broderick, Chapman & Sprague and Roy E. Chapman for Claimant and Appellant.
 W. A. Seavey, Lightner & Hilmen, Brooks Crabtree and McInnis, Focht & Fitzgerald for Claimants and Respondents. *592
 COUGHLIN, J.
 The issue on this appeal is whether a granddaughter is a pretermitted heir of her grandmother's estate or was excluded from participation therein by the terms of a purported disinheritance clause in the grandmother's will.
 Joan Farmer, who is the appellant herein, is the daughter of a deceased son of Portia E. McClure; was not named as a devisee or legatee in the latter's will; and instituted heirship proceedings to adjudicate her claim as an alleged pretermitted heir under the provisions of section 90 of the Probate Code. Article Eighteenth of the subject will provided as follows:
 "Should any person contest this will and claim to be an heir to any part of my estate and be able to establish such fact, then in that event I give such person or persons the sum of ONE DOLLAR ($1.00) each and the balance of my estate to which such person or persons might be entitled shall pass in accordance with the terms of this will."
 The trial court found that, by the foregoing language, Portia E. McClure testamentarily expressed her intention to omit her granddaughter, Joan Farmer, as a person entitled to inherit from her estate. A decree was entered accordingly. Joan Farmer appeals from that decree claiming that the aforesaid finding was erroneous as a matter of law. The respondents on appeal are the beneficiaries specifically named in the subject will.
 In support of her claim of error, appellant contends that it does not appear from Article Eighteenth, when considered in the light of other expressions in the subject will, that her grandmother had her in mind when the will was made; also, that the provisions of this article apply only to persons contesting the decedent's will; that a person who claims an interest in a testamentary estate as a pretermitted heir is not contesting the will in that estate; thus she is not a member of the class designated in Article Eighteenth; and, therefore, she is not disinherited by the provisions in question.
 [1] By section 90 of the Probate Code, "When a testator omits to provide in his will for any of his children, or for the issue of any deceased child," and provision therefor has not otherwise been made, "unless it appears from the will that such omission was intentional, such child or such issue succeeds to the same share in the estate of the testator as if he had died intestate." The purpose of this section is to guard against the unintentional omission of lineal descendants from a share in the decedent's estate, e.g., "by reason of oversight, *593 accident, mistake or unexpected change of condition." (Estate of Torregano, 54 Cal.2d 234, 248 [5 Cal.Rptr. 137, 352 P.2d 505].) [2] To effect this purpose the statute requires that if a testator wishes to disinherit such descendants, his intent to do so "must appear on the face of the will, and it must then appear from words which indicate such intent directly, or by implication equally as strong." (In re Stevens, 83 Cal. 322, 329 [23 P. 379, 17 Am.St.Rep. 252].) [3] To establish an intent to disinherit a person claiming to be a pretermitted heir, it must appear on the face of the will that, at the time of its making, the testator had that person in mind and intentionally omitted to provide for him. (Estate of Torregano, supra, 54 Cal.2d 234, 249.) [4] On the other hand, the fact that a testator had in mind a particular person for whom he made no provision in his will need not be made to appear from language designating that person by name. (Van Strien v. Jones, 46 Cal.2d 705, 707 [299 P.2d 1]; Estate of Kurtz, 190 Cal. 146, 149 [210 P. 459].) The use of language designating a class of which that person is a member may suffice to establish such fact, if the designation used refers to those who might otherwise be pretermitted. (Van Strien v. Jones, supra, 46 Cal.2d 705, 707; Estate of Lindsay, 176 Cal. 238, 239 [168 P. 113]; Estate of Hassell, 168 Cal. 287, 288 [142 P. 838|.) [5] However, the intent expressed by a class designation may not be the same in all instances. Although the use of such language under one set of circumstances may indicate that the testator had a particular relative in mind when making his will, when used under other circumstances it may not so indicate. Thus, the relationship between the use of language designating a class and the intention of the testator, for the purpose at hand, depends upon the circumstances of the particular case. (Estate of Torregano, supra, 54 Cal.2d 234, 250; Estate of Wilson, 184 Cal. 63, 68 [193 P. 581].)
 "In determining the question of intentional omission, ..., the court must be guided by the individual facts of each case, and must not be governed by previous interpretation of similar words or phrases." (Estate of Torregano, supra, 54 Cal.2d 234, 250.)
 [6] Nevertheless, absent any factors indicating a contrary conclusion, a provision in a will bequeathing a nominal amount to any person claiming to be an heir of the testator refers to a child of the testator not otherwise provided for therein, and satisfies the requirements of section 90 of the *594 Probate Code that it appear therefrom that he had such child in mind at the time of executing his will, and intentionally omitted making any other provision therefor. (Van Strien v. Jones, supra, 46 Cal.2d 705, 707; Estate of Kurtz, supra, 190 Cal. 146, 148; Estate of Lindsay, supra, 176 Cal. 238, 239; Estate of Hassell, supra, 168 Cal. 287, 288; Estate of Brown, 164 Cal.App.2d 160, 162 [330 P.2d 232]; Estate of Doell, 113 Cal.App.2d 37, 38 [247 P.2d 580]; Estate of Lombard, 16 Cal.App.2d 526, 528 [60 P.2d 1000].) Such a provision is equivalent to a disinheritance clause. (Van Strien v. Jones, supra, 46 Cal.2d 705, 707; Estate of Minear, 180 Cal. 239 [180 P. 535]; Estate of Lindsay, supra, 176 Cal. 238, 239.) The same rule applies to a grandchild entitled to succeed by intestacy, viz, a child of a predeceased child. (Estate of Talmage, 114 Cal.App.2d 18, 21 [249 P.2d 345].)
 [7] In Article First of the instant will the testatrix declared that she was a widow and had two sons, naming them. Relying on the rule of interpretation that the disinheritance provisions of a will must be considered in the light of every other expression therein (Estate of Torregano, supra, 54 Cal.2d 234, 250), appellant contends that the declaration by the testatrix that she had two sons establishes that she did not then have in mind her third son, or his daughter. The third son was deceased. Obviously he was not an heir and could not be the subject of her bounty. The fact that the third son was not named in the will does not dictate the conclusion that the testatrix did not have in mind the daughter of that son when, by Article Eighteenth, she bequeathed $1.00 to any person who might contest her will, and claim to be an heir, and establish such fact. Under the circumstances of this case, the granddaughter in question was the only person not specifically mentioned in the will who could claim to be an heir and establish such fact.
 The appellant contends that, in any event, Article Eighteenth applies only to persons contesting her grandmother's will; "is a simple no contest clause and is not a clause of disinheritance"; and, therefore, does not apply to her, because she is not contesting the subject will. By the provision in question, the testatrix designates as a class those persons who might contest her will, and claim to be an heir to any part of her estate, and establish such fact. The appellant does not contest the instant will as such, but does contest its capacity to dispose of the whole of the decedent's estate. There is an obvious difference between contesting the effect *595 of an instrument as a valid will and contesting the adequacy of a will to effect disposition of a decedent's entire estate. Article Eighteenth refers to the latter type of contest. Appellant properly may be classified as a person who might contest her grandmother's will and claim to be an heir of the latter, and establish such fact. The intent to disinherit the persons designated in this clause is evident from the provision which declares that they shall be given $1.00 "and the balance of my estate to which such person or persons might be entitled shall pass in accordance with the terms of this will." Thus, the intention of the testatrix to omit to provide for any of her heirs other than as directed in her will clearly appears therefrom.
 As authority for her contentions herein, appellant cites and relies upon the opinion in Estate of Torregano, supra, 54 Cal.2d 234. In that case the court considered the effect of the provisions of a will which declared: "I give, devise and bequeath to any person or persons who may contest this my Last Will and Testament, or assert any claim to share my estate by virtue of relationship or otherwise the sum of One Dollar ($1.00) each in settlement of their said claim or claims"; and concluded that these provisions did not indicate, as a matter of law, an intention to disinherit a daughter for whom no specific provision had been made, where the evidence showed that the testator, at the time he executed his will, may have believed that his daughter was deceased. There are many factors which distinguish the situation in the cited case from that in the case at bar. In the former, as noted, the court merely determined that the intention of the testator to disinherit his daughter did not appear as a matter of law from the testamentary provisions disinheriting the class of persons therein designated, where the evidence was sufficient to support a finding that, at the time of making his will, he believed his daughter to be dead. In the case at hand, appellant introduced evidence that she had visited her grandmother frequently during the three years preceding the execution of the will; claims that the court did not consider this evidence in determining the intention of the testatrix to disinherit her granddaughter, but was governed solely by the provisions of the disinheritance clause; and directs our attention to the memorandum opinion filed by the trial judge in support of this contention. Considered as a whole, the memorandum opinion in question does not bear the construction so placed upon it. The trial court was not required to infer from the aforesaid *596 evidence that the testatrix did not have Joan Farmer in mind when she used the term "heirs" in Article Eighteenth; with equal reason was entitled to infer therefrom that Mrs. McClure knew that Joan was alive and also had her in mind (Primm v. Primm, 46 Cal.2d 690, 694 [299 P.2d 231], or could have refused to draw any inference in the premises. (Greco v. Oregon Mut. Fire Ins. Co., 191 Cal.App.2d 674, 681 [12 Cal.Rptr. 802].) In addition, the controversial provisions of the respective wills in the Torregano case, i.e., Estate of Torregano, supra, 54 Cal.2d 234, and the case at bar, are substantially different.
 The judgment is affirmed.
 Griffin, P. J., and Brown (G.), J., concurred.