[Civ. No. 22105. First Dist., Div. Three. Dec. 31, 1964.]

Estate of FRANK M. GROSCUP, Deceased. KENNETH M. FORD, Petitioner and Appellant, v. LESLIE F. GROSCUP, Objector and Respondent.

536

Leo M. Cook for Petitioner and Appellant.

Petersen & Petersen and Robert Y. Bell for Objector and Respondent.

DRAPER, P. J.—By this heirship proceeding (Prob. Code, § 1080), petitioner sought determination that he and his three brothers are pretermitted heirs. Summary judgment dismissing the petition was granted, and he appeals.

The will was prepared by an attorney. After declaring that testator is a widower who has three children, Leslie, Porter and Edith, it provides: "I bequeath all of my estate to my son Leslie F. Groscup, except for the provision of $1.00 to Porter V. Groscup and $1.00 to Edith A. Ford;" and "I declare except as otherwise provided in this Will I have intentionally omitted to provide for any of my heirs living at the time of my death." Testator had a fourth child, Thelma, who died in 1959, some four years before this will was executed. She left four children, petitioner and his three brothers.

Respondent filed his written statement of interest and moved for summary judgment, supported by affidavit of his attorney, who averred that he was a witness to the will, incorporated a copy thereof, and stated that he knew of no factual issues between the parties. Petitioner's counteraffidavit averred that: testator had high regard for his daughter Thelma and knew of her death; petitioner was "on very friendly terms" with testator and visited him frequently; petitioner's brothers also were friendly with testator and "visited him on occasion"; in the month in which the will was executed testator's "eyesight was very poor and . . . even with glasses he was unable to read documents . . .; his hearing was also very poor; . . . he used a hearing aid, but complained that it made so much noise that it bothered him so he turned it down low or off." Also alleged were conclusions that testator had no reason or wish to omit petitioner and his brothers from his will. The trial court determined that the affidavits showed no fact issues for trial.

 If a will omits provision for a child or grandchild of the testator, the heir thus omitted takes the share he would have received in event of intestacy "unless it appears from the will that such omission was intentional" (Prob. Code,

§ 90). Appellant asserts that under the rule of a 1960 decision (*Estate of Torregano,* 54 Cal.2d 234 [5 Cal.Rptr. 137, 352 P.2d 505, 88 A.L.R.2d 597]) his affidavit raises fact issues which require trial. We cannot agree.

 *Torregano* does make clear that intent to omit may be shown only by the will, while extrinsic evidence is admissible at the instance of the omitted heir to show that the omission was unintended (54 Cal.2d 243-9). The trial court recognized that rule, and considered all the facts alleged in the counteraffidavit. Of course, if those allegations raise any fact issue, directly or by reasonable inference, trial is required, and the judgment must be reversed (*Estate of Torregano, supra; Garlock* v. *Cole,* 199 Cal.App.2d 11 [18 Cal.Rptr. 393]).

 Language designating the omitted persons by class, rather than by name, may establish intentional omission of a child (*Van Strien* v. *Jones,* 46 Cal.2d 705, 707 [299 P.2d 1], and cases there cited), or grandchild (*Estate of Talmage,* 114 Cal.App.2d 18, 21 [249 P.2d 345]). These rules are not abrogated by *Torregano (Estate of McClure,* 214 Cal.App.2d 590 [29 Cal.Rptr. 569] [hearing by Supreme Ct. den.]).

 The Supreme Court holds only that such general phraseology need not be construed to show intended omission ''under every possible circumstance'' (54 Cal.2d 251). There the evidence supported an inference that testator thought his child had died before the will was drawn. Here appellant's own affidavit establishes that testator well remembered his deceased daughter. He knew and liked her four children, saw all of them occasionally and one of them frequently. That affidavit does not even suggest that testator suffered from any defect of memory, or even occasional absentmindedness. His alleged defects of hearing and sight go only to his ability to determine, from reading the will or hearing it read, whether it complied with instructions given by him to his attorney. The affidavit carefully avoids any suggestion of the content of those instructions. The record shows that testator's only heirs were his children and grandchildren. He provided for the three children (the nominal amount to two is explained by the fact that both are mentally ill) and declared that except for these provisions ''I have intentionally omitted to provide for any of my heirs. . .'' This clause could have application only to petitioner and his brothers (see *Estate of McClure, supra*). To find that their omission was unintended would be mere conjecture, not inference.

The case differs materially from one in which there is a basis for inference that testator believed his child dead (*Estate of Torregano, supra*), or in which the will was drawn long before the marriage to the omitted husband occurred or was contemplated (*Estate of Axcelrod,* 23 Cal.2d 761 [147 P.2d 1]). Many other circumstances, of course, could support a finding that omissions were unintentional. But nothing in petitioner's affidavit suggests facts which, however elaborated at trial, could warrant even remote inference that the omission here was unintended. Bare conjecture could not support a judgment. Thus trial is not required.

The clause before us is a simple and direct statement of intent to omit. The problems of the "no-contest" type of provision, which leaves a nominal sum to one who contests the will or otherwise establishes a right to take (see cases reviewed in *Estate of Torregano, supra*) are not presented.

Judgment affirmed.

Salsman, J., and Devine, J., concurred.