[S.F. No. 23737. July 3, 1978.]

Estate of MAUD STELLA GARDNER, Deceased.
EDWIN B. GARDNER, Petitioner and Respondent, v.
BERYL GARDNER LANE, Claimant and Appellant.

**COUNSEL**

Donald F. Lundgren, Keogh, Marer & Flicker and Gerald Z. Marer for Claimant and Appellant.

McCaw & Barnum and Donald B. McCaw for Petitioner and Respondent.

**OPINION**

**NEWMAN, J.—** ■ Beryl Gardner Lane appeals from a judgment awarding one-third of Maud Gardner's estate to Edwin Gardner, who the trial court ruled was a pretermitted heir under Probate Code section 90. The issue is whether the general disinheritance clause in Maud's will cuts off the rights of Edwin, who was not named.[1] Beryl is Maud's daughter; Edwin is a grandson; his father (Maud's son) predeceased Maud.

---

[1]The will reads as follows: "I, MAUD S. GARDNER, of Marin County, California, revoking all former Wills made by me, do hereby make, publish and declare this to be my Last Will and Testament.

"I give, devise and bequeath my entire estate to my daughter, BERYL GARDNER LANE, and I appoint her Executrix hereof without bond.

"I declare that I have intentionally failed to provide for any person not mentioned .herein."

Maud's will was executed in 1969, when Beryl was Maud's only surviving child. Besides Edwin, two other grandchildren survived Maud. Edwin argues that he is entitled to a share of Maud's estate under Probate Code section 90, which provides: "When a testator omits to provide in his will for any of his children, or for the issue of any deceased child . . . and such child or issue are unprovided for by any settlement, and have not had an equal proportion of the testator's property bestowed on them by way of advancement, unless it appears *from the will* that such omission was intentional, such child or such issue succeeds to the same share in the estate of the testator as if he had died intestate." (Italics added.)

Beryl maintains that, because of Maud's phrase "I declare that I have intentionally failed to provide for any person not mentioned herein," it obviously "appears from the will that such omission [of Edwin] was intentional." Edwin contends that, to disinherit an heir protected by section 90, the testator must name either the heir or a class to which the heir belongs (e.g., "grandchildren," "relatives," "those who would take if I died intestate"). (See *Estate of McClure* (1963) 214 Cal.App.2d 590, 593 [29 Cal.Rptr. 569].) He argues that the words stating that Maud "intentionally failed to provide for any person not mentioned herein" do not show that she had section 90 heirs in mind.

In *Estate of Torregano* (1960) 54 Cal.2d 234 [5 Cal.Rptr. 137, 352 P.2d 505, 88 A.L.R.2d 597] the will of a daughter's father bequeathed one dollar to anyone asserting any claim "by virtue of relationship or otherwise." She produced evidence that, when her father executed his will, he believed she was dead. This court held that more than the general language used in that will is required to disinherit a daughter whose existence is unknown to the testator. The opinion contains dicta, however, indicating that an heir who claims to be pretermitted may in general be cut off by "a general clause expressing an intention to disinherit all those not named." (*Id.*, p. 253.)

In *Estate of Smith* (1973) 9 Cal.3d 74 [106 Cal.Rptr. 774, 507 P.2d 78] this court reiterated certain principles established in *Torregano*. Smith bequeathed one dollar each to "friends or relatives" who challenged his will. The opinion concluded that, since "[p]retermitted heirs do not contest or challenge a will but take in spite of it," a no-contest clause may not be found to establish the intent to disinherit a daughter. (*Id.*, p. 80.) More importantly, "a child of the testator is disinherited only when the intent to disinherit the child appears in strong and convincing language on the face of the will. [Citations.] When this intent does not appear the

'presumption of law that the failure to name a child or grandchild in a will was unintentional' rules the case." (*Id.,* pp. 78-79.) Further, ". . . our holding [in *Torregano*] that extrinsic evidence could be used to interpret general language in the will for the purpose of finding a *lack of intent* to omit to provide for an heir did not change the rule, established in the specific language of section 90 and in the case law (*Estate of Trickett* [1925] 197 Cal. 20, 22 [239 P. 406]; *In re Stevens* [1890] 83 Cal. 322, 328-329 [23 P. 379]; *Matter of Estate of Garraud* [1868] 35 Cal. 336, 342), that extrinsic evidence is inadmissible to prove an intent to disinherit a natural heir." (*Id.,* p. 79.)

In *Estate of Price* (1942) 56 Cal.App.2d 335, 336 [132 P.2d 485], the will provided: "I purposely refrain from leaving anything by this my last will and testament to any other person or persons and in the event that any other person or persons shall either directly or indirectly contest this my last will and testament I give to any such person or persons contesting said will the sum of $1 and no more . . . ." The Court of Appeal held that clause insufficient to cut off the rights of a grandchild. It distinguished clauses that disinherit "heirs" or "relatives" from clauses (such as the one in Maud's will) that disinherit any "person" not named. (*Id.,* pp. 337-339.) The Court of Appeal argued, as does Edwin here, that to hold otherwise would be to repeal judicially the portion of section 90 that requires the intent not to provide for section 90 heirs to appear "from the will." We agree.

A provision disinheriting every "person" not named is insufficient to demonstrate an intent to omit the heirs protected by section 90. In order to disinherit such heirs, section 90 requires that the intent to disinherit clearly appear on the face of the will. (*Estate of Smith, supra,* 9 Cal.3d at pp. 78-79.) Since that was not done in Maud's will, we agree with the trial court that Edwin is a pretermitted heir entitled to share in Maud's estate.

The judgment is affirmed.

Bird, C. J., Tobriner, J., Mosk, J., Clark, J., Richardson, J., and Manuel, J., concurred.