104 Cal.App.3d 236 (1980)
163 Cal. Rptr. 506
Estate of JOSEPH SZEKELY, Deceased.
CAROL JEAN SZEKELY, Petitioner and Respondent,
v.
LOS ANGELES COUNTY PHYSICIAN'S AID ASSOCIATION et al., Claimants and Appellants.
Docket No. 57180.
Court of Appeals of California, Second District, Division One.
April 4, 1980.
*238 COUNSEL
Selwyn & Capalbo and Sandra Kamenir for Claimants and Appellants.
Schurmer, Drane, Bullis & McCarthy and Charles C. McCarthy for Petitioner and Respondent.
OPINION
MARSHALL, J.[*] 

NATURE OF THE CASE
This is an appeal from a judgment of the trial court which adjudged a daughter of an adopted son of the decedent to be the pretermitted heir of decedent. The appeal is based on the judgment roll, neither party having requested the reporter's transcript or a settled statement.

FACTS
Carol Jean Szekely (hereafter referred to as Carol), daughter of Theodore Laszlo Szekely, an adopted son of Joseph Szekely (hereafter referred to as Joseph), who died before Joseph, filed a petition to determine her entitlement to distribution of Joseph's estate, he having died on July 25, 1977.
Joseph executed a will wherein he left 16-2/3ds of his estate to Catherine Elizabeth Milch, daughter of a son of his cousin; 16-2/3ds to another daughter of a son of the cousin, Judith Andrea Milch, both in trust, and 16-2/3ds to Mrs. Agi Kovats, granddaughter of his deceased *239 sister. The remaining half was to go to the Los Angeles County Physician's Aid Association.
Joseph declared in his will that he was not "currently" married, and "that I have never been the father of any child." In paragraph "Eighth," he stated that "Except as otherwise provided in this Will, I have intentionally with full knowledge omitted to provide for my heirs. If any legal heir of mine or any devisee, legatee or beneficiary under this Will shall contest it or any of its parts or provisions, then in that event I give to each such person the sum of $1.00 only, and any share as interest given to that person shall be revoked and augment proportionately the shares of such of the beneficiaries hereunder as shall not have joined or participated in said contest."
The will makes no specific reference to either the adopted son or the son's daughter, Carol.
Carol petitioned the probate court to establish her right to the entire estate as a pretermitted heir  a granddaughter  under Probate Code section 90, which directs distribution to grandchildren omitted from the will "unless it appears from the will that such omission was intentional." Carol's petition was granted and judgment was entered to that effect. Catherine, Judith and the Los Angeles County Physician's Aid Association have appealed.

CONTENTIONS
Appellant contends: (1) The disinheritance clause operates to prevent pretermission. (2) The statement "I have never been the father of any child" does not cause pretermission.
Respondent contends that Estate of Gardner (1978) 21 Cal.3d 620 [147 Cal. Rptr. 184, 580 P.2d 684] by its adoption of language in Estate of Smith (1973) 9 Cal.3d 74 [106 Cal. Rptr. 774, 507 P.2d 78] is completely dispositive of the matter in her favor.

DISCUSSION

I
The principal issue is whether a no-contest clause which bars all heirs if they should contest the will together with a general disinheritance *240 clause such as "I have intentionally and with full knowledge omitted to provide for my heirs," disinherits Carol although decedent had not specifically named her.
(1) As to the meaning of the term, "heirs," the court in Estate of Hassell (1914) 168 Cal. 287, 289 [142 P. 838], makes it quite clear that it means basically children although it may include others. Grandchildren, of course, are in the same category as children. Hence, when the decedent refers to "heirs," he must be taken to mean grandchildren as well.
(2) The Supreme Court has held "as a matter of law" that a no-contest clause alone cannot be construed as demonstrating an intent to disinherit a child, because "pretermitted heirs do not contest or challenge a will but take in spite of. it." (Estate of Smith (1973) 9 Cal.3d 74, 80 [106 Cal. Rptr. 774, 507 P.2d 78]; Estate of Torregano (1960) 54 Cal.2d 234, 251 [5 Cal. Rptr. 137, 352 P.2d 505, 88 A.L.R.2d 597].) The will of Torregano contained only the no-contest clause which referred to "any person or persons" but made no mention of "heirs." The court found such reference insufficient to bar a pretermitted heir, i.e., his daughter.
However, the Supreme Court then enumerated, at pages 253 and 254, clauses or "elements" whereby pretermission has been barred. Two such "elements" are: "(b) a general clause expressing an intention to disinherit all those not named, (c) a clause affecting all persons who might have taken in the event that testator died intestate." Language conforming to these provisos is to be found in Joseph's testamentary declaration: "I have intentionally and with full knowledge omitted to provide for my heirs."
As to the need to name the disinherited heir, the Torregano court stated that "the true disinheritance clause often fails to name a specific presumptive heir, and yet may be interpreted to exclude the same because of the use of words expressly indicating an intent to disinherit." (Torregano, at p. 252.)
Respondent's reliance on Estate of Smith, supra, is of no avail. The testator in Smith did not comply with any of the Torregano "elements"; particularly, he did not express an intention to "disinherit all those not named" or to "affect[ing] all persons who might have taken in the event that testator died intestate." This decedent (Joseph) did specify such intention *241 as to his heirs. Although the no-contest clause in Smith affected "friends or relatives" who might challenge his will, Torregano dictates that this is not enough; such clause alone does not evince an intent to disinherit a pretermitted heir.
Respondent also relies on a recent case, Estate of Gardner (1978) 21 Cal.3d 620 [147 Cal. Rptr. 184, 580 P.2d 684]. Gardner dealt with a will which stated: "I declare that I have intentionally failed to provide for any person not mentioned herein." The court commented, "a provision disinheriting every `person' not named is insufficient to demonstrate an intent to omit the heirs protected by section 90." The use of the word "person" distinguishes Smith from the instant case where the disinheritance clause specifies "heirs." In fact, the Supreme Court in Smith reminded (at p. 80) the trial court that the "elements" set forth in Torregano should have been followed. From Hassell[1] to Gardner, we find no appellate dissatisfaction with the use of the word "heir" to convey convincingly the testator's intent to cut off pretermission.[2] The court in Estate of Bank (1967) 248 Cal. App.2d 429, 434 [56 Cal. Rptr. 559] expressed an even stronger conviction. It denied pretermission to the testator's son where the will simply awarded $1 to any contesting person who established himself as an "heir-at-law." The son was not otherwise named or described in the instrument. Such clause was deemed by the court enough to indicate decedent's intent to disinherit on the face of the testamentary document. The court noted that the testator was "a skilled attorney." (P. 434.)
(3) We conclude that the use of the term, "heir," in the disinheritance clause adequately expresses on the face of the will decedent's intention to cut off inheritance by Carol.

II
The provision in decedent's will, "... I have never been the father of any child," was literally true; he was not the natural father of Theodore, the father of Carol, inasmuch as Theodore was adopted by the decedent. But even if we treat the decedent as the adoptive "father" of *242 Theodore, this does not establish that the testator did not have Carol in mind when he wrote his will. This situation is similar to that in Estate of McClure (1963) 214 Cal. App.2d 590 [29 Cal. Rptr. 569]. There the daughter of a predeceased son was not named in her grandmother's will, which provided a nominal sum for any person who contested the will and claimed to be an heir to the estate. She also stated that she was a widow and had two sons. She did not mention the predeceased son. Claimant, on appeal, argued that this established that the decedent had not considered her dead son or her granddaughter when she wrote the will.
The court treated the contest clause as the equivalent of a disinheritance clause and rejected appellant's argument, stating "obviously he [the predeceased son] was not an heir and could not be the subject of her bounty. The fact that the third son was not named in the will does not dictate the conclusion that the testatrix did not have in mind the daughter of that son when ... she bequeathed $1.00 to any person who might contest her will, and claim to be an heir, and establish such fact." (Estate of McClure, supra, 214 Cal. App.2d at p. 594.) The court in Estate of Gardner, supra, cites and apparently does not disagree with Estate of McClure, supra. In Estate of Fernstrom (1958) 157 Cal. App.2d 380 [321 P.2d 25], the decedent declared he had no children although he had a daughter. The court stated that a general disinheritance clause is enough to prevent pretermission: "The courts of California have held repeatedly and consistently that a testator's declaration in his will that he has intentionally omitted to provide for his heirs is a sufficient expression of his intentional omission of provision for children." (P. 383.) (Italics added.) The court in Estate of Brown (1958) 164 Cal. App.2d 160, 161 [330 P.2d 232], declared that a no-contest clause disinheriting persons who establish their relationship to the decedent bars pretermission of four children, despite a provision in the will proclaiming that testator had no children. (4) The law is clear, therefore, that a disinheritance clause expressly omitting heirs indicates an intent to bar children or grandchildren and such clause overcomes any statement by the testator that he had no such relatives.
Absent any evidence of testator's intent[3]not to omit the claimant herein (Carol), the disinheritance clause prevents the distribution of *243 Joseph's estate to her as that clause does reveal a clear intent to omit any heirs not named.
The judgment is reversed.
Lillie, Acting P.J., and Hanson (Thaxton), J., concurred.
Respondent's petition for a hearing by the Supreme Court was denied May 28, 1980.
NOTES
[*] Assigned by the Chairperson of the Judicial Council.
[1] "Those of my heirs not herein mentioned has [sic] been omitted by me with full knowledge thereof."
[2] See, e.g., Estate of Fernstrom (1958) 157 Cal. App.2d 380, 383 [321 P.2d 25]; Estate of Brown (1958) 164 Cal. App.2d 160, 162 [330 P.2d 232]; Estate of Lombard (1936) 16 Cal. App.2d 526, 528 [60 P.2d 1000]; Estate of Minear (1919) 180 Cal. 239 [180 P. 535].
[3] Although the judgment reveals that oral evidence was introduced, none was cited by any party in support of their contentions. The arguments were solely construction of the will in light of the case and statutory precedent. This decision, therefore, is grounded on the judgment roll.