[Civ. No. 58416. Second Dist., Div. Five. Dec. 11, 1980.]

Estate of EVELYN J. HIRSCHI, Deceased.
LEIGH ANN HIRSCHI, a Minor, etc., Petitioner and Appellant, v.
BETTY JANE EUBANKS et al., Objectors and Respondents.

**COUNSEL**

Kates, Cohen & Sherman and Robert J. Sherman for Petitioner and Appellant.

Robert I. Snyder for Objectors and Respondents.

OPINION

**HASTINGS, J.**—By way of summary judgment the trial court found that Leigh Ann Hirschi, a minor, was not a pretermitted heir of Evelyn J. Hirschi, deceased. This appeal followed.

On June 9, 1969, decedent's only son, Robert C. Hirschi (Robert) died. His surviving spouse, Judith (guardian ad litem), was pregnant with appellant, having become so on May 14, 1969. Appellant was born on February 1, 1970. Between that date and decedent's death on July 15, 1977, a period of seven years, decedent consistently and publically refused to acknowledge appellant as the issue of her son.

Decedent's last will dated August 17, 1976, and codicil dated March 14, 1977, were admitted to probate on August 19, 1977. Appellant was not specifically named in the will.

Decedent's will contained the following clauses material to the issues at hand:

"THIRD: I declare that I have no living children, my only child, Robert C. Hirschi, having predeceased me, leaving no issue, . . . "

"NINTH: I declare that I have intentionally omitted to provide for any other person, not specifically named herein, and if any person shall claim any portion of my Estate by reason of relationship, or otherwise, or if any person who, if I died intestate, would be entitled to any part of my Estate, or if any of the Devisees or Legatees, or their successors in interest, shall either directly or indirectly, alone or in conjunction with any other person, contest any provision of this Will upon any grounds whatsoever, or attack, oppose or seek to set aside this Will, or to impair, invalidate or set aside any of its provisions, then, in such event, I give, devise and bequeath to such person or persons, the sum of ONE DOLLAR ($1.00), and no more, in lieu of any other share or interest in my Estate."

Appellant filed a "Petition for Determination of Entitlement to Estate Distribution" as a pretermitted heir, and then sought a summary judgment on the issue. Respondents who are the specifically named legatees under the will, also moved for a summary judgment in their favor and moved for an order dismissing appellant's petition.

In the summary judgment proceedings Judith submitted her affidavit attesting to the fact that appellant was the daughter of Robert. Although respondents reserved the right to contest this fact at trial in the event they did not prevail on their motion for summary judgment, they expressly waived any opposition to this fact for the purpose of the lower court's resolution of their motion for summary judgment.

*Discussion*

Probate Code section 90, as pertinent to this appeal, provides: "When a testator omits to provide in his will for any of his children, or for the issue of any deceased child ... *unless it appears from the will that such omission was intentional*, such child or such issue succeeds to the same share in the estate of the testator as if he had died intestate." (Italics added.) There is an overabundance of California case law that seeks to enumerate the words or phrases that a testator must use to intentionally omit an unnamed child or grandchild from his or her will.[1] The cases are not all in harmony with each other and this leads to spirited appeals by heirs that believe the trial court has misinterpreted case law that appears favorable to them. This is such a case. ■ However, for the reasons cited below we are confident the trial court reached the correct result in this case.

It is now established decisional law that an heir or heirs may be disinherited if they belong to a class of persons expressly excluded from the testator's will. In *Van Strien v. Jones* (1956) 46 Cal.2d 705 [299 P.2d 1], plaintiff, daughter of decedent, claimed that she was a pretermitted heir because the following disinheritance clause did not satisfy Probate Code section 90. It read (pp. 706-707): "'If any person who is, or claims under or through, a devisee, legatee, or beneficiary under this Will, or any person who if I died intestate would be entitled to share in my estate, shall, in any manner whatsoever, directly or indirectly contest this Will...then I hereby bequeath to each such person the sum of One Dollar ($1.00) only....'"

The court gives some specific examples of phrases that are not sufficient to disinherit an unnamed child or grandchild and words or phrases that are sufficient. In the first category are generalities such as "any one who may contest this will" and "any other person." In the second

---

[1]Appellant and respondents have cited in some form or another 39 California cases on the subject.

category (phrases sufficient to show an intent to disinherit) the court states (p. 707): "It is well settled that where in a will a testator's child is intentionally omitted or given $1.00 or any other sum, section 90 of the Probate Code is satisfied although the child is not mentioned by name. [Citations.] The use of such terms as 'relatives' and 'children' have been held sufficient to designate heirs who might otherwise be pretermitted [citations]. . . . [¶] In the present case the will, in addition to providing generally for 'any person' who claims under the will, also provides that if 'any person who if I died intestate would be entitled to share in my estate' should contest the will he bequeaths to such person the sum of $1.00. In *Estate of Kurtz*, 190 Cal 146, . . . the testator provided [pp. 147-148]: 'I. . .disinherit each and all persons whatsoever claiming to be, and who may be, my heirs at law. . .and if any of such parties or such heirs, or any person whomsoever *who, if I died intestate, would be entitled to any part of my estate*. . .seek or establish or assert any claim to my estate. . .I hereby give and bequeath to said person or persons the sum of One ($1.00) Dollar. . . .'" (Italics in the original.)

In the case at bench in article ninth we have an almost identical disinheritance clause. The paragraph states ". . .if any person shall claim any portion of my Estate by reason of *relationship*. . . ." and ". . .or if any person who, if I died intestate, would be entitled to any part of my Estate. . . ." The *Van Strien* opinion then summarizes the legal effect of the above phrases and concludes as follows: "The wills in the Kurtz and other cases herein cited to like effect make definite and specific reference to persons who, by the laws of succession, would be entitled to participate in the testator's estate had he died intestate, or had he died testate but failed to mention them in his will or otherwise provide for them. Those cases support the conclusion of the trial court in sustaining the demurrer." (*Id.* at p. 708.)

Appellant argues that the court could not follow *Van Strien, Kurtz* and their progeny because article third of decedent's will specifically refutes the fact that decedent had appellant in mind when the will was executed. The article states: "I declare that I have no living children, my only child, Robert C. Hirschi, having predeceased me, leaving no issue. . . ." Again, we have a case so directly in point that appellant's argument must fail.

In *Estate of Brown* (1958) 164 Cal.App.2d 160 [330 P.2d 232], the relevent provisions of the will were as follows:

"Second: I declare that I am a widower, and that I have no children.

"Fourth: I have, except as otherwise in this Will specified, intentionally...omitted to provide for any other of my heirs...

"Fifth: If any person...who, if I died intestate, would be entitled to share in my estate, shall,...contest this Will or attack, oppose or seek to impair or invalidate any provision hereof, ...then I hereby bequeath to each such person the sum of One Dollar ($1.00) only,..."

In *Brown*, the four natural children of decedent, also argued that the disinheritance clause had to be interpreted in light of the erroneous family declaration. The court, as we have done earlier in this opinion, followed *Van Strien, Kurtz* and others, because they eliminated as devisees and legatees "any person who if I died intestate would be entitled to share in my estate." Article second in which the testator declared he was a widower and had no children was disregarded, because if appellants were who they said they were, they were members of the only class of persons subject to the effects of the disinheritance clause cited above. (See also *Estate of McClure* (1942) 214 Cal.App.2d 590 [128 P.2d 198], where the plaintiff, as in our present case, claimed as a pretermitted granddaughter.)

■ Appellant's final argument is that the trial court committed error in admitting certain extrinsic declarations of decedent into evidence to prove the disinheritance was intentional.[2] The statements were made by decedent to third parties and contained reasons why she did not believe appellant was her grandchild. The trial court admitted the declarations only to show that decedent knew appellant and that appellant claimed to be her grandchild. Appellant's argument to the trial court was founded on the fact that article three (where decedent claimed she had no living issue) demonstrated that she could not have had appellant in mind when the will was executed. By claiming that this was a question of fact for the trial court to consider, appellant opened the door for the limited use to which the declarations were admitted. It

---

[2]Appellant cites *Estate of Torregano* (1960) 54 Cal.2d 234 [5 Cal.Rptr. 137, 352 P.2d 505, 88 A.L.R. 2d 597] in support of her argument. Her reliance is misplaced as *Torregano* permitted extrinsic evidence in order to prove the testator's lack of intent to omit a presumptive heir. The evidence could have proved the testator and his daughter each believed the other dead. As in our present case, the court held this was admissible as "part of the 'circumstances' under which the will was executed."

would not appear to be error but assuming arguendo that it was, it was not prejudicial because as this opinion demonstrates the lower court was required under *Van Strien, Kurtz* and others to rule as it did.

The judgment is affirmed.

Kaus, P. J., and Stephens, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied February 5, 1981. Bird, C. J., was of the opinion that the petition should be granted.