[Civ. No. 48107. First Dist., Div. Four. Jan. 28, 1981.]

Estate of ANTONIO LEONETTI, Deceased, and
ROSE LEONETTI, Deceased.
DANTE MENEGUZZI et al., Petitioners and Respondents, v.
VINCENT LEONETTI, as Executor, etc., Objector and Appellant.

COUNSEL

Paul F. Vorsatz and Vorsatz & Vorsatz for Objector and Appellant.

Richard J. Gibson, Richard J. Gibson, Jr., and Jeffry, Gibson & Barbour for Petitioners and Respondents.

OPINION

CHRISTIAN, J.—Vincent Leonetti, executor of the wills and estates of Antonio Leonetti and Rose Leonetti, appeals from a judgment determining that respondents, grandchildren of decedents, were pretermitted heirs of both decedents.

The decedents were husband and wife. Antonio died on May 10, 1976. Rose died a few months later. Four children survived: appellant Vincent Leonetti, Amelia Schindel, Sam F. Leonetti and Sue Hernandez. Another daughter, Matilda Meneguzzi, had predeceased leaving five children, respondents Dante Meneguzzi, Joanne Priolo, Josephine Park, Rosemary Alioto and Angelo Meneguzzi.

Antonio and Rose left mutual wills, executed on July 10, 1974. The wills mentioned the names of the five children and related that Matilda Meneguzzi was already deceased. Paragraph thirteen of both wills, entitled "Contest Provision," stated: "I have purposely made no other provision herein for any other person or persons, whether claiming to be an heir of mine or not, and if any person or persons, whether an heir of mine or not, shall contest this Will or any other provisions hereof, I give

to such person or persons so contesting or objecting, the sum of ONE DOLLAR ($1.00) and no more, in lieu of anything they might have received by so contesting or objecting, and if any such person be held to be an heir of mine. I specifically disinherit him or her, and direct that in the event of any intestacy under this Will, the property to be distributed by reason of such intestacy shall vest in and go to my other heirs, in accordance with the laws of the State of California governing succession."

The wills were admitted to probate. Petitions by respondents for determination of heirship were tried. The court rendered judgment for respondents on two theories, both supported by findings of fact: First, that the language of the wills did not manifest an intent on part of the testator to omit respondents from sharing in the estates; second, despite the quoted language in the wills, the testators did not really intend to disinherit respondents. Both determinations are challenged in the present appeal.

The pretermission statute[1] guards against the unintentional omission of lineal decedents from a share in a decedent's estate by reason of "oversight, accident, mistake or unexpected change of condition." (*Estate of Torregano* (1960) 54 Cal.2d 234, 248 [5 Cal.Rptr. 137, 352 P.2d 505, 88 A.L.R.2d 597].) Although a testator may lawfully disinherit his issue, in order to avoid the operation of the pretermission statute his intent to do so "must appear on the face of the will, and it must then appear from words which indicate such intent directly, or by implication equally as strong." (*In re Stevens* (1890) 83 Cal. 322, 329 [23 P. 379]; see also *Estate of Torregano, supra,* 54 Cal.2d 234, 249; *Estate of McClure* (1963) 214 Cal.App.2d 590, 593 [29 Cal.Rptr. 569].) To overcome the pretermission statute it must thus appear on the face of the will that at the time of its execution the testator had in mind the descendant in question and intentionally omitted to provide for him. (*Estate of Bank* (1967) 248 Cal.App.2d 429, 433 [56 Cal.Rptr. 559].)

The conventional in terrorem clause which denies any person who challenges the provisions made in a will anything more than a

[1]Probate Code section 90: "When a testator omits to provide in his will for any of his children, or for the issue of any deceased child, whether born before or after the making of the will or before or after the death of the testator, and such child or issue are unprovided for by any settlement, and have not had an equal proportion of the testator's property bestowed on them by way of advancement, unless it appears from the will that such omission was intentional, such child or such issue succeeds to the same share in the estate of the testator as if he had died intestate."

nominal sum is ineffective as against the pretermission statute. A pretermitted heir does not contest or challenge the will but takes in spite of it by operation of law. (*Estate of Smith* (1973) 9 Cal.3d 74, 80 [106 Cal.Rptr. 774, 507 P.2d 78].) Moreover, reference in a will to "every person" who challenges the will is too general to demonstrate convincingly an intent to omit the specific class of heirs protected by section 90. (*Estate of Gardner* (1978) 21 Cal.3d 620, 623 [147 Cal.Rtpr. 184, 580 P.2d 684];*Estate of Price* (1942) 56 Cal.App.2d 335, 338 [132 P.2d 485].) ▪ Paragraph thirteenth of the wills under review, entitled "Contest Provisions," does contain no-contest language. It declares that the testators purposely made no provision for any other person or persons not mentioned in the wills whether or not they claim to be an heir of the testators. It then goes further, directing that if any claimants against the wills prove to be heirs of the testators, they are specifically disinherited and their potential shares go to the named heirs.

No-contest clauses precluding heirs as a class from participating are in effect both no-contest and disinheritance provisions. Such provisions are upheld against contentions that they lacked sufficient specificity to prevent the operation of the pretermission statute. (See *Estate of Szekely* (1980) 104 Cal.App.3d 236 [163 Cal.Rptr. 506]; *Estate of Bank, supra*, 248 Cal.App.2d 429, 433; *Estate of McClure, supra*, 214 Cal.App.2d 590, 593; *Estate of Brown* (1958) 164 Cal.App.2d 160, 161 [330 P.2d 232].)

We conclude that clause thirteenth of the wills adequately expressed the intention to disinherit any or all heirs not mentioned in the wills. Probate Code section 90 is therefore inapplicable.

▪ Omission of a descendant must appear on the face of the will and evidence other than the will itself is inadmissible to prove the decedent's intent to disinherit. But it is open to a claimant, contrary to language in the will, to show that in reality there was no intention to disinherit children or grandchildren. (*Estate of Torregano, supra*, 54 Cal.2d at pp. 245-247; *Estate of Smith, supra*, 9 Cal.3d at p. 79; *Estate of Bank, supra*, 248 Cal.App.2d at pp. 433-434.) The trial court found that decedents had not intended to disinherit the grandchildren. ▪ That finding must be upheld if it is supported by substantial evidence.

The attorney who drew the will testified that he explained the disinheritance clause only when he prepared an earlier will in 1967. At that time Matilda was still living and none of the grandchildren would have

inherited. The testators never at any time told the attorney that they wished to disinherit the grandchildren (other than Angelo Meneguzzi) who were the surviving children of Matilda. On the contrary, their written instructions, dated June 3, 1974, directed that the share of Angelo, who was named in an earlier will, "should be equally divided among the remaining heirs." The gift to Angelo was deleted, but no language was substituted dividing his share among the remaining heirs. This sequence of events supports the finding that in reality clause thirteenth did not reflect any intention to disinherit grandchildren.

Appeal has also been taken from an order dated February 5, 1979, "Denying Dismissal of Will Contests." The appeal from this order has not been argued in the briefs or at oral argument. We therefore affirm the order.

Affirmed.

Rattigan, J., concurred.

CALDECOTT, P. J.—I concur with the majority's opinion holding that paragraphs thirteenth of the wills adequately expressed the intention to disinherit any or all heirs not mentioned in the wills. I respectfully dissent from the conclusion that the decedents did not intend to disinherit the grandchildren.

While it has been said that the intentional omission of an heir must appear on the face of the will and evidence other than the will itself is inadmissible to prove the decedent's intent to disinherit a natural heir, it is well established that extrinsic evidence is admissible to show a *lack* of intent of the testator to omit to provide for an heir (*Estate of Torregano, supra,* (1960) 54 Cal.2d 234, 245-247 [5 Cal.Rptr. 137, 352 P.2d 505, 88 A.L.R.2d 597]; *Estate of Smith* (1973) 9 Cal.3d 74, 79 [106 Cal.Rptr. 774, 507 P.2d 78]; *Estate of Bank* (1967) 248 Cal.App. 2d 429, 433-434 [56 Cal.Rptr. 559]).

This right was recognized by the trial court and respondents were allowed to, and did in fact, introduce extrinsic evidence in order to show that there was a lack of intent on the part of the decedents to preclude respondents from the estate. Two witnesses were called by respondents; Della Leonetti, the wife of Vincent Leonetti, the executor of the estates, and Frank C. Vorsatz, the attorney who drafted the wills. Della Leonetti's testimony was very brief. She testified that she typed the letter of

June 3, 1974, at the request of the testators and mailed it to Frank Vorsatz. She stated it was "customary" for her husband or herself to write all of the testators' correspondence. Her only other testimony was that both testators could read and write English. She did not testify as to the contents of the letters or of any other conversations she had had with the testators concerning the wills or the letters.

Frank C. Vorsatz testified that he drafted the wills in question, and that he had drafted wills for the Leonettis in 1967 and also on a previous date. He stated that the paragraph thirteenth provision (the no-contest disinheritance clause) was included in the 1967 wills and that he had very carefully discussed its meaning and effect with the Leonettis at that time. He further testified that he had not met with the Leonettis or spoken to them, either directly or by telephone, prior to drafting the present wills, but had received "instructions and directions" from them. The letter of June 3, 1974, is the only instruction or direction that he identified. He also testified that he did not know that Matilda, the deceased daughter, had four children in addition to Angelo. The letter that Vorsatz referred to provided as follows: "Dear Mr. Vorsatz: In reference to the Wills you prepared for us in 1967, we would like to make a change in it at this time. We do not wish to leave anything to Angelo Meneguzzi. The part that was being left to him should be equally divided among the remaining heirs. [¶] Please make the necessary changes and mail them to us for our signature." The letter was signed by Antonio Leonetti and Rose Leonetti.

The attorney had not seen or talked to the testators prior to drafting the present wills, the only communication was the letter of June 3, 1974. The only evidence of the testators' intent before the trial court was the letter and the will itself. The letter is indefinite and ambiguous as to the meaning of "the remaining heirs." Thus the only clear and definite expression of the testators' intent is found in paragraph thirteenth of each will. The majority hold and I concur that paragraph thirteenth adequately expresses the intent to disinherit all heirs not mentioned in the wills and I feel that any evidence to the contrary is weak and inconclusive. I would reverse the judgment.

A petition for a rehearing was denied February 23, 1981, and appellant's petition for a hearing by the Supreme Court was denied March 25, 1981.